## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

Conservation Law Foundation, Inc.,

                       Plaintiff,

       v.

Shell Oil Products US,
Shell Oil Company,
Shell Petroleum, Inc.,
Shell Trading (US) Company,
Motiva Enterprises LLC,
Triton Terminaling LLC, and
Equilon Enterprises LLC,

                   Defendants.

No. 1:17-cv-00396-WES-LDA

## STIPULATED PROTECTIVE ORDER GOVERNING
## THE PRODUCTION AND EXCHANGE OF DISCOVERY

Upon consideration of the Joint Motion for a Stipulated Protective Order Governing the Production and Exchange of Discovery by Plaintiff Conservation Law Foundation, Inc. and Defendants Shell Oil Products US, Shell Oil Company, Shell Petroleum, Inc., Shell Trading (US) Company, Motiva Enterprises LLC, Triton Terminaling LLC, and Equilon Enterprises LLC ("Defendants") (hereinafter individually referred to as "Party" and collectively referred to as "Parties"), the Court finds that such an order will expedite the exchange of discovery material in the above-captioned matter (the "Litigation") and protect discovery material entitled to be kept confidential. Therefore, pursuant to Fed. R. Civ. P. 26(c) and L.R. Gen. 102, it is hereby ORDERED that the following provisions shall govern the use and disclosure of documents and information covered by this Protective Order:

1.      **Definitions**

(a)  "Challenging Party": a Party that challenges the designation of information or items under this Protective Order.

(b)  "CONFIDENTIAL Information or Items": information (regardless of how it is generated, stored, or maintained), testimony, or tangible things that are not public and which constitute or contain (i) any personally identifiable information, (ii) information or items protected by a right to privacy under applicable data protection laws or other applicable law, privilege, or right related to confidentiality or privacy; and/or (iii) trade secrets or other non-public confidential commercial information that qualifies for protection under applicable law. CONFIDENTIAL Information or Items does NOT include information that is available to the public, information obtained through freedom of information requests, and information that was in a receiving Party's lawful possession prior to disclosure in this Litigation unless the Party previously received those documents under an obligation of confidentiality.

(c)  "Court": The United States District Court for the District of Rhode Island.

(d)  "Counsel": Outside Counsel or House Counsel (as well as their support staff).

(e)  "Data Controller": a natural or legal person, public authority, agency, or other body which, alone or jointly with others, determines the purposes and means of the processing of Personal Data.

(f)  "Designating Party": a Party or Non-Party that designates information or items produced in disclosures or in response to document requests as "CONFIDENTIAL Information or Items" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(g)  "Discovery Material": all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are provided, produced, or generated in disclosures or in response to document requests in this action.

(h)  "Expert": a person with specialized knowledge or experience in a matter pertinent to this action who (i) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (ii) is not a current employee of a Party or of a Party's Competitor, and (iii) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

(i)  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items": information that is highly sensitive Confidential Information or Items that constitute proprietary financial, technical, competitive, or commercially sensitive information (including but not limited to trade secrets; recent and future business and marketing plans and activities; recent and future research and development activities; and

confidential information relating to any ongoing government investigation or action) that the Designating Party maintains as highly confidential in its business, and related communications, the disclosure of which to a competitor would create a substantial risk of serious competitive or business harm that could not be avoided by less restrictive means. Non-Party information that otherwise meets this definition qualifies for the designation if it is subject to a Nondisclosure Agreement ("NDA") or other contractual provision, unless the Non-Party permits a different designation in writing.

(j) "House Counsel": attorneys (and their staff), including legal secondees, who are employees or contractors of a Party and whose responsibilities include overseeing this action.

(k) "Non-Party": any natural person, partnership, corporation, association, or other legal entity not named as a Party in this action.

(l) "Outside Counsel": attorneys (and their support staff) who are not employees of a Party but are representing or advising a Party.

(m) "Party": any party to this action, including all of its officers, directors, and employees whose current or past responsibilities pertain to the claims or defenses in this action.

(n) "Party's Competitor": any natural person, partnership, corporation, association, or other legal entity engaged in the same or similar line of business as a Party.

(o) "Personal Data": any information relating to an identified or identifiable individual that is not public record.

(p) "Privileged Material": information (regardless of how it is generated, stored, or maintained), testimony, or tangible things that are not public and which are subject to a claim of privilege as the term "privilege" is used in the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

(q) "Producing Party": a Party or Non-Party that produces or provides Discovery Material in this action.

(r) "Professional Vendors": persons or entities that provide litigation support services to a Party or Non-Party in this action (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstratives, and processing, storing, retrieving, or preparing Discovery Material for production or in preparation for trial) and their employees, contractors, and subcontractors providing, or assisting in providing, such services.

(s) "Receiving Party": a Party or its Counsel that receives Discovery Material from a Producing Party as authorized under this Protective Order or a secondary recipient that receives Discovery Material from a Receiving Party as authorized under this Protective Order.

2.      **Materials and Information Covered by This Order**

(a)      All materials produced or adduced during discovery in this case shall be subject to this Order concerning CONFIDENTIAL Information or Items as defined above.

(b)      Documents or other materials, or any portions thereof, may be designated as CONFIDENTIAL Information or Items by stamping, attaching, or writing "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the documents or materials at or before production.

(i)      Stamping, attaching, or writing "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the cover of any multipage document does NOT designate all pages of the document as CONFIDENTIAL Information or Items. Rather, such designation solely applies to the specific pages or excerpts of identified documents and materials.

(ii)      Where only portions of documents or other materials are CONFIDENTIAL Information or Items, a Party shall designate the parts of those documents or materials for which confidentiality is claimed, and only those parts shall be subject to this Order.

(iii)      To the extent practicable and as set forth in the ESI protocol for this action, the appropriate confidentiality designation for all CONFIDENTIAL Information or Items produced in electronic form shall be included in a metadata field with the corresponding production load file (i.e., DAT file).

(c)     Depositions or other pre-trial testimony may be designated as containing CONFIDENTIAL Information or Items by notifying Counsel for all other parties in writing within forty-five (45) days after the deposition or other pre-trial testimony.

(i)     The legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be affixed to the first page of any transcript containing Confidential Material, including both original transcripts and copies of the transcript.

(ii)    The "CONFIDENTIAL" portion of each transcript shall be identified by page and line on the transcript or on a separate record. Only those portions of each transcript designated as "CONFIDENTIAL Information or Items" in this action shall be deemed CONFIDENTIAL Information or Items. A Party may NOT designate an entire deposition as being CONFIDENTIAL Information or Items.

(iii)   All transcripts of depositions or other pre-trial testimony shall be deemed to be CONFIDENTIAL Information or Items until forty-five (45) days after the deposition or pre-trial testimony.

(d)     Interrogatory responses may be designated as containing CONFIDENTIAL Information or Items by identifying, in the interrogatory response, the portion of the response containing CONFIDENTIAL Information or Items. Only the portions of those interrogatory responses designated as "CONFIDENTIAL" in this action shall be deemed CONFIDENTIAL Information or Items.

(e)     Inadvertent failure to designate documents or other materials as CONFIDENTIAL Information or Items before or at the time of production or disclosure shall not operate to waive

the right to later seek an order of the Court designating such documents or materials as CONFIDENTIAL Information or Items.

(f)     A Party that receives CONFIDENTIAL Information or Items may request clarification regarding which of the categories set forth in Paragraph 1(b) apply to the CONFIDENTIAL Information or Items, provided such request may be made only when the applicable categories are not apparent after a review of the document.

**3.      Access to, Use, and Disclosure of CONFIDENTIAL Information or Items**

(a)     CONFIDENTIAL Information or Items may be disclosed only to the categories of persons and under the conditions described in this Protective Order. CONFIDENTIAL Information or Items must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. Receiving Parties shall take all due precautions to prevent the unauthorized or inadvertent disclosure of CONFIDENTIAL Information or Items. Unless otherwise ordered by a court, administrative agency, or other governmental or regulatory body of competent jurisdiction, or as otherwise provided in this Order, CONFIDENTIAL Information or Items received by a Party during the course of this Litigation may be used only in connection with the prosecution or defense of this Litigation.

(b)     Except upon the prior written consent of the Producing Party, or as otherwise expressly provided by the Court in this Order or separate order, CONFIDENTIAL Information or Items may be disclosed only to the following persons:

(i)     the Receiving Party's Counsel;

(ii)     the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for prosecution or defense of this Litigation;

(iii)   the Court and its personnel (including any special masters or mediators and
their support staff);

(iv)   third-party mediators (and their support staff) as is reasonably necessary to
facilitate a mediated settlement discussion;

(v)   Experts of the Receiving Party to whom disclosure is reasonably necessary
for the defense or prosecution of this Litigation and who have signed the
Confidentiality Undertaking attached hereto as Exhibit A;

(vi)   court reporters and their staff, professional jury or trial consultants, and
Professional Vendors who have signed the Confidentiality Undertaking;

(vii) the author, recipient, or custodian of a document containing
CONFIDENTIAL Information or Items (and, for separately represented
witnesses or deponents, their counsel) to whom disclosure is reasonably
necessary for the prosecution or defense of this Litigation;

(viii) if not already included in subsection (vii) immediately above, deponents
(and, for separately represented deponents, their counsel) during their
depositions to whom disclosure is reasonably necessary for the prosecution or
defense of this Litigation and who have signed the Confidentiality Undertaking;
and,

(ix)   mock jury participants who have signed the Confidentiality Undertaking.

(c)   Before disclosure of any CONFIDENTIAL Information or Items is made to any
person described in Section 3(b)(iv)-(ix) such person shall sign the Confidentiality Undertaking
attached hereto as Exhibit A. Unless otherwise ordered by the Court, in the event that any such
person refuses to sign the Confidentiality Undertaking with respect to Discovery Material

designated to be within the scope of paragraph 1(b), no CONFIDENTIAL Information or Items may be disclosed to such person except with the prior written consent of the Party that originally produced the CONFIDENTIAL Information or Items and subject to any procedures that the Producing Party may require to maintain the confidentiality of such CONFIDENTIAL Information or Items.

(d)     Counsel shall retain Confidentiality Undertaking forms until such time as this Litigation, including all appeals, is concluded.

(e)     No copies of CONFIDENTIAL Information or Items shall be made except to the extent necessary for the preparation and conduct of the Litigation, including any appeals. Any person responsible for making such copies must ensure that the copies include the label of "CONFIDENTIAL."

(f)     Except upon the prior written consent of the Producing Party, or as otherwise expressly provided by the Court in this Order or separate order, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items shall only be disclosed in the following manner:

(i)     A Receiving Party may disclose HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items to the Receiving Party's Outside Counsel and/or Professional Vendors.

(ii)    A Receiving Party may disclose HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items to a witness or prospective witness only for purposes of testimony or preparation of testimony in this Litigation, whether at trial, hearing, or deposition, but it may not be retained by the witness or prospective witness.  Before the material is disclosed for this

purpose, the Receiving Party must first provide notice to the affected Designating Party that identifies the witness and confirms that the witness has signed the Confidentiality Undertaking.

(iii) A Receiving Party may disclose HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items to an Expert only for the purpose of obtaining the Expert's assistance in this Litigation. Before the material is disclosed for this purpose, the Receiving Party must first provide notice to the affected Designating Party that identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items that the Receiving Party intends to disclose to an Expert and confirms that the Expert receiving such information has signed the Confidentiality Undertaking.

(g) No Other Disclosures: Any person receiving CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items shall not reveal or discuss such information to or with any person except as expressly permitted by the terms of this Protective Order. Nothing in this Protective Order is intended to impede the provision of legal advice by Counsel to its client as necessary for its representation.

4.      **Reservation of Rights – Additional Protections**

Nothing in this Protective Order shall be construed as prejudicing any Producing Party's right to seek an agreement or court order providing greater protection than that provided for herein for such material if and when this material is to be provided.

5.      **Inadvertent or Unauthorized Disclosure of CONFIDENTIAL Information or Items or Privileged Material**

(a)      Unauthorized Disclosure by a Receiving Party: If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed a Designating Party's CONFIDENTIAL Information or Items, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items, or Privileged Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately:

      (i)      notify in writing the Designating Party of the unauthorized disclosures,

      (ii)      use its best efforts to retrieve or destroy all unauthorized disseminated copies of the CONFIDENTIAL Information or Items, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items, or Privileged Material,

      (iii)      inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and

      (iv)      request such person or persons to execute the Confidentiality Undertaking.

(b)      Unauthorized Access/Data Breach: If a Receiving Party learns that a Designating Party's CONFIDENTIAL Information or Items, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items, or Privileged Material has been accessed other than by

disclosure by the Receiving Party to any person or in any circumstance not authorized under this Protective Order (e.g., "hacked"), the Receiving Party must immediately:

> (i)  notify in writing the Designating Party of the unauthorized access or disclosure,
>
> (ii)  investigate and report to the Receiving Party the scope of and circumstances of the unauthorized access or disclosure as it relates to the Designating Party's CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items;
>
> (iii)  take immediate and reasonable steps to rectify the unauthorized access or disclosure, including by instituting additional security measures to prevent any further access or disclosure, and
>
> (iv)  comply with all obligations under applicable laws relating to unauthorized access or disclosure, including security breach notification laws and applicable data protection laws.

**6.    Privileged Material**

(a)    Clawback Procedure

> (i)  If a Receiving Party reasonably suspects that it has received Privileged Material, the Receiving Party must refrain from further use or examination of the documents that may be privileged, and shall immediately notify the Producing Party, in writing, that the Receiving Party possesses material that appears to be privileged.
>
> (ii)  In the event a Producing Party discovers it has disclosed Privileged Material, the Producing Party may provide clawback notice to the other Parties

- 11 -

advising of the disclosure and requesting return or destruction of the Privileged Material.

(iii)   If a Receiving Party receives a clawback notice, it shall make no further use or examination of the Privileged Material and shall immediately take reasonable efforts to segregate it in a manner that will prevent further disclosure or dissemination of its contents, and, within fourteen (14) days of receiving such notice of production of Privileged Material, the Receiving Party shall take reasonable efforts to: (1) sequester, destroy, or return all reasonably accessible documents identified by the Producing Party in such notice; (2), destroy or delete all reasonably accessible copies of such documents; and (3) expunge from any other reasonably accessible document, information or material derived from the produced Privileged Material, including testimony concerning the Privileged Material.

(iv)   To the extent the Receiving Party provided any clawed-back Privileged Material to a secondary recipient as authorized under this Protective Order, the Receiving Party shall promptly make reasonable efforts to retrieve and return or destroy such clawed-back Privileged Material and notify the Producing Party that it has done so.

(v)   If the Receiving Party has any notes or other work product reflecting the contents of the Privileged Material, the Receiving Party will sequester and not review or use those materials (except for challenges to the clawback notice as provided in paragraph 6(c)) unless a court later designates the Privileged Material as not privileged or protected, and after the completion and exhaustion

of all appeals, rehearings, or reviews of the court ruling, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

(vi)  Privileged Material that is not reasonably accessible because of undue burden or cost is considered to be sequestered.

(b)  Clawback Log: Any Producing Party that claws back Privileged Material will provide Receiving Parties with a privilege log that reasonably identifies the basis for the assertion of privilege or protection over the clawed-back documents.

(c)  If the Receiving Party objects to the designation of inadvertently produced documents as privileged, it must make a good faith effort to resolve any such objection with the Producing Party.

(i)  The Parties shall complete a meet-and-confer to resolve objections within fourteen (14) days of the Receiving Party's receipt of the clawback notice from the Producing Party.  The meet-and-confer period may be extended by agreement of the Parties.

(ii)  If the Parties fail to reach agreement, the Receiving Party may move for an order from this Court vacating the designation within fourteen (14) days of the conclusion of the meet-and-confer conference. The Receiving Party may not assert as a ground for compelling production the fact or circumstance that the Privileged Material has already been produced. The Requesting Party may, however, argue that, where applicable, the privilege has been waived by production of the same information in other versions not subject to the clawback.

- 13 -

(iii)   Any response to the motion shall be filed within seven (7) days. Any such motion or response shall be no longer than 10 pages.

(iv)   The Party asserting a privilege or protection bears the burden to provide information regarding the content and context of the Privileged Material sufficient to establish the applicability of any asserted privilege or prohibition from discovery.

(v)   If a timely motion vacating the designation is filed, the deadlines for the Receiving Party to destroy or return the disputed documents and to confirm such destruction or return are suspended pending resolution by the Court. The Receiving Party may not use or disclose any disputed materials until the claim is resolved, except that such materials may be submitted under seal with the Court in connection with a motion to vacate the designation.

**7.**    **Challenges by a Party to Designation as CONFIDENTIAL Information or Items**

(a)    The designation of any material or document as CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items is subject to challenge by any Party, through the following procedure:

(i)   Meet and Confer. A Party must begin the process by conferring directly with Counsel for the Designating Party and explain in writing the basis for its belief that the confidentiality designation was not proper. The challenging Party must then give the Designating Party the opportunity to review the designated material and either reconsider the designation or explain in writing its basis for the designation. The Designating Party must respond to the challenge, in writing, within five (5) business days of receipt of the written challenge.  The

- 14 -

Designating Party shall be permitted reasonable extensions of time to respond
or agree to a set number of rolling responses where the number of challenged
designations is voluminous.

(ii)   Judicial Intervention. A Party that elects to challenge a confidentiality
designation may file and serve a motion that identifies the challenged material
and sets forth in detail the basis for the challenge. The burden of persuasion in
any such challenge shall be on the Designating Party. Until the Court rules on
the challenge, all Parties shall continue to treat the materials as
CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY Information or Items under the terms of this
Order.

## 8.    Filing of CONFIDENTIAL Information or Items

Prior to trial, if any Party intends to submit a filing to the Court that sets forth or attaches
CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY Information or Items, that Party shall move to file such papers under seal in accordance
with L.R. Gen. 102.

## 9.    Use of CONFIDENTIAL Information or Items at Trial

Nothing in this Order shall be construed as limiting the right of either Party to introduce
CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY Information or Items into evidence at trial, subject to the Rules of Evidence, Local Rules,
and such privacy protections as the presiding Judge may deem appropriate. Either Party may
approach the Court before trial to propose a plan for the use of CONFIDENTIAL Information or

Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items at trial. Nothing herein, however, shall prevent a Party from opposing any such plan.

10. **CONFIDENTIAL Information or Items Subpoenaed or Ordered Produced in Other Litigation**

(a)   If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of a Designating Party's CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items, the Receiving Party must:

> (i)   promptly notify in writing the Designating Party and provide a copy of the subpoena or court order;
>
> (ii)   promptly notify in writing the party that issued the subpoena that some or all of the material covered by the subpoena is subject to this Protective Order and provide a copy of this Protective Order; and
>
> (iii)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items is the subject of the subpoena or order.

(b)   If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce the requested CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items before a determination by the court from which the subpoena or order issued, unless the subpoenaed Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of the CONFIDENTIAL Information or Items or

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

**11.    A Non-Party's CONFIDENTIAL Information or Items Sought to Be Produced in This Litigation**

(a)    Non-Party Productions. The terms of this Protective Order are applicable to information produced by a Non-Party and designated as CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    Production by Party of Non-Party CONFIDENTIAL Information or Items. In the event that a Party is required, by a discovery request or disclosure obligation, to produce a Non-Party's CONFIDENTIAL Information or Items in the Party's possession, and the Party is subject to an NDA or other contractual confidentiality agreement with the Non-Party not to produce the Non-Party's CONFIDENTIAL Information or Items, then the Party shall:

(i)    promptly notify in writing the Requesting Party and the Non-Party that CONFIDENTIAL Information or Items has been sought and is or may be subject to an NDA or other confidentiality agreement with a Non-Party;

(ii)    promptly provide the Non-Party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii)    make the CONFIDENTIAL Information or Items requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's CONFIDENTIAL Information or Items responsive to the discovery request and may designate it as CONFIDENTIAL Information or Items under this Protective Order. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any of the Non-Party's CONFIDENTIAL Information or Items before a determination by the Court or permission from the Non-Party.

## 12.     Protective Order Not to Be Construed As a Waiver

(a)     Each Party reserves the right to move to modify the terms of this Protective Order at any time.

(b)     By stipulating to this Protective Order, no Party hereto shall be deemed to have waived its right to seek a protective order with respect to any documents or information, regardless of whether such documents or information fall within the scope of this Protective Order, and each Party reserves the right to oppose any motion to modify the terms of this Protective Order.

(c)     Nothing in this Protective Order is intended to constitute an agreement regarding the scope of discovery.

(d)     This Protective Order does not constitute a ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute a ruling on any potential objection to the discoverability, relevance, or admissibility of any documents or other material sought in discovery, and the Parties reserve their right to object to discovery on any appropriate ground.

13.    **Miscellaneous Provisions**

(a)    For purposes of computing any period of time under this Protective Order, the provisions of <u>Fed. R. Civ. P. 6</u> shall apply.

(b)    Nothing in this Protective Order shall prevent disclosure as required by law or compelled by order of any court.

(c)    Nothing in this Protective Order shall be construed to confer rights on any third party.

(d)    Nothing in this Protective Order shall be construed to permit the disclosure of information that is prohibited by statute.

(e)    Notwithstanding other provisions of this Protective Order (including Section 14, below), Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts of the trial, depositions, or hearings, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items. Any such archival copies that contain or constitute CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items remain subject to this Protective Order. Nothing in this paragraph shall be construed to require a Receiving Party to destroy CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items retained as back-up or to require the Receiving Party to take unreasonably expensive or burdensome measures to effectuate the destruction of CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items.

- 19 -

14. **Termination of Litigation**

(a)     The provisions of this Protective Order shall continue to be binding after final termination of this Litigation.

(b)     Except as provided in Paragraph 13(e), within forty-five (45) days after final conclusion of all aspects of this Litigation, including any appeals, any Party or person who received CONFIDENTIAL Information or Items must destroy those documents and materials, as well as the portions of all other material containing CONFIDENTIAL Information or Items prepared in connection with this Litigation.

15. **Producing Parties' Reliance on Protective Order**

Production of CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items will be made in express reliance upon the terms of this Protective Order.

16. **Consent to Jurisdiction**

Receiving Parties and those that have signed the Confidentiality Undertaking hereby agree to subject themselves to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

17. **Additional Parties**

The terms of this Protective Order shall be binding upon all current and future Parties to the Litigation and their Counsel.

18. **Use of Own Information**

Nothing in this Protective Order shall impose any restriction on the use of or disclosure by a Party of its own information; nor shall this Protective Order be construed to prevent a Party from disclosing a document containing CONFIDENTIAL Information or Items or HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items to any person whom the document clearly identifies as an author, addressee, or carbon copy recipient of such document.

**19.**    **Binding on Parties**

Execution of this Protective Order by Counsel shall constitute a representation by Counsel that they, all persons employed by their firm who have access to CONFIDENTIAL Information or Items OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items, and the Party(ies) they represent will abide by the terms of this Protective Order and will subject themselves to the jurisdiction of this Court for purposes of enforcement and disciplinary action.

AGREED TO BY:

/s/ Alexandra St. Pierre
Alexandra St. Pierre, Esq.*
Ian Coghill, Esq.*
Conservation Law Foundation, Inc.
62 Summer Street
Boston, MA 02110
(617) 850-1732
Fax (617) 350-4030
aestpierre@clf.org
icoghill@clf.org

James Crowley, Esq.
RI Bar # 9405
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
(401) 228-1905
Fax (401) 351-1130
jcrowely@clf.org

Christopher M. Kilian, Esq.*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602

/s/ John S. Guttmann
John S. Guttmann (admitted *pro hac vice*)
Bina R. Reddy (admitted *pro hac vice*)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW
Washington, DC 20036
(202) 789-6020
jguttmann@bdlaw.com
breddy@bdlaw.com

Robert D. Fine (2447)
Chace, Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
(401) 453-6400
rfine@crfllp.com

*Attorneys for Defendants*

- 21 -

(802) 223-5992 x4015
ckilian@clf.org

Allan Kanner, Esq.*
Elizabeth B. Petersen, Esq.*
Allison S. Brouk, Esq.*
Kanner & Whiteley, LLC
701 Camp Street
New Orleans, LA 70130
(504) 524-5777
a.kanner@kanner-law.com
e.petersen@kanner-law.com
a.brouk@kanner-law.com

*Attorneys for Plaintiff*
*\*Admitted Pro Hac Vice*

ORDERED this 9th day December, 2021.

_WESmith_
_____
Hon. William E. Smith

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Conservation Law Foundation, Inc., | |
| Plaintiff, | |
| v. | No. 1:17-cv-00396-WES-LDA |
| Shell Oil Products US, Shell Oil Company, Shell Petroleum, Inc., Shell Trading (US) Company, Motiva Enterprises LLC, Triton Terminaling LLC, and Equilon Enterprises LLC, | |
| Defendants. | |

## CONFIDENTIALITY UNDERTAKING

I hereby certify that:  (i) I have read the protective order that has been entered by the Court in the above-captioned matter on [DATE] ("Protective Order"), and I understand its terms; (ii) I understand that CONFIDENTIAL Information or Items subject to the terms of the Protective Order are being provided to me pursuant to the terms of the Protective Order; (iii) I agree to be fully bound by the provisions of the Protective Order, including its provisions restricting disclosure of CONFIDENTIAL Information or Items under the Protective Order and limiting the use of such material; (iv) I hereby submit to the jurisdiction of the United States District Court for the District of Rhode Island for purposes of enforcement of the Protective Order; and (v) I understand that violation of the Protective Order may be punishable by contempt of Court and may be subject to such further relief as the Court may order.

Dated:_____    Signature:_____
                                 Print name:_____