UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CONSERVATION LAW  :
FOUNDATION, INC.  :
                  :
v.                : C.A. No. 17-00396-WES
                  :
SHELL OIL PRODUCTS US, et al.  :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is Defendants' Motion for Judgment on the Pleadings. (ECF No. 70) Plaintiff objects. (ECF No. 73). Defendants filed a Reply. (ECF No. 76). A hearing was held on June 21, 2022. For the following reasons, I recommend that Defendants' Motion for Judgment (ECF No. 70) be DENIED.

**Standard of Review**

A party can move for judgment on the pleadings under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(c), and such a motion "bears a strong family resemblance to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." Kando v. R.I. State Bd. of Elections, 880 F.3d 53, 58 (1st Cir. 2018). Courts treat these motions similarly in terms of the standard of review; they are subject to the sufficiency of the factual pleadings needed to survive them. See Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54 (1st Cir. 2006).

Because a Rule 12(c) motion for judgment on the pleadings mirrors the standard of a Rule 12(b)(6) motion so closely, in reviewing the merits of the pleadings, Ashcroft v. Iqbal controls the Court's analysis. 556 U.S. 662 (2009). The Court is compelled to accept all factual allegations as true without crediting any conclusory legal allegations. The First Circuit has further held that a

court may only grant a Rule 12(c) motion if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Curran v. Cousins, 509 F.3d 36, 43 (1st Cir. 2007) (quoting Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988)).

**Discussion**

This is Defendants' second swipe at Plaintiff's Third Amended Complaint ("TAC") filed on October 8, 2019. (ECF No. 45). Defendants initially responded to that pleading with a sweeping Rule 12(b)(6) Motion to Dismiss which was granted in limited part and otherwise denied by the Court on September 28, 2020. (ECF No. 55). Defendants answered the TAC on November 20, 2020 and discovery moved forward. (ECF No. 57). Now, well over one year later, Defendants renew their attack on the TAC pursuant to Rule12(c).[1]

The instant Motion focuses on the so-called Non-Owner/Operator Defendants (Shell Oil Company, Shell Petroleum Inc., and Shell Trading (US) Company) and argues that they are improper parties to this litigation and the subject of impermissible "group pleading" in the TAC. (ECF No. 70). Defendants, of course, could have included these specific pleading arguments in their prior Motion to Dismiss the TAC but did not. However, they did argue to Judge Smith, in the context of Plaintiff's Resource Conservation and Recovery Act ("RCRA") claim, that Plaintiff improperly grouped Defendants under the name "Shell." (ECF No. 46-1 at pp. 36-37). In particular, they argued as to the Non-Owner/Operator Defendants that Plaintiff failed to specifically allege that they have any connection to the Terminal at all, and also failed to allege any specific facts that those Defendants contributed to the management of waste at the Terminal sufficient to state a claim under RCRA. Id. (relying in part on Bell Atl. Corp. v. Twombly, 550

---

[1] Plaintiff's argument that Defendants' Rule 12(c) Motion is untimely is rejected due to lack of undue delay or prejudice. However, the First Circuit has cautioned that "once the parties have invested substantial resources in discovery, a district court should hesitate to entertain a Rule 12(c) motion that asserts a complaint's failure to satisfy the plausibility requirement." Grajales v. P.R. Ports Auth., 682 F.3d 40, 46 (1st Cir. 2012).

U.S. 544, 560 (2007)).  In his ruling, Judge Smith rejected Defendants' arguments and held that "[n]one of [them] compels dismissal of the RCRA claims (except in one narrow respect [not relevant here])."  Conservation Law Found. v. Shell Oil Prods. US, No. 17-396 WES, 2020 WL 5775874, *2 (D.R.I. Sept. 28, 2020).  He noted that, "as necessary, Plaintiff…alleges Defendants exercise control over the Terminal and its waste disposal processes and have 'contribut[ed] to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste'" as set forth in RCRA.  Id. at *3.  In making this ruling, Judge Smith relied directly upon the same type of group pleading allegations in the TAC which are challenged in the instant Motion. Id. (citing e.g., TAC ¶¶ 48, 54-63, 407-411, 414 and 425-428).

As an initial matter, it would be impossible for this Court to accept Defendants' present Rule 12(c) challenge without necessarily contradicting Judge Smith's earlier ruling on Defendants' Rule 12(b)(6) challenge to the TAC.  His legal conclusion as to the sufficiency of Plaintiff's group pleading allegations as to the RCRA claim is law of the case and binding on this Court.  See Columbia Cas. Co. v. Ironshore Specialty Ins. Co., No. 15-197 WES, 2019 WL 2176306, *4 (D.R.I. May 20, 2019) (citing McConaghy v. Sequa Corp., 294 F. Supp. 2d 151, 160 (D.R.I. 2003) ("legal determinations, or rulings of law, are properly regarded as law of the case governing the same issue in subsequent proceedings"); Christianson v. Colt Indus., 486 U.S. 800, 817 (1988) ("when a Court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case").

Even if the law of the case doctrine was inapplicable, Plaintiff has stated plausible claims against the Non-Owner/Operator Defendants under both the Clean Water Act ("CWA") and RCRA.  Plaintiff does not assert a corporate veil piercing theory.  Rather, Plaintiff argues that such Defendants are directly liable for the CWA and RCRA violations alleged and that its allegations

in the TAC are "adequate to support an inference that the [Non-Owner/Operator] Defendants exercised sufficient control over environmental compliance activities at the Terminal to be subject to suit." (ECF No. 73 at p. 12).[2]

Both sides direct the Court's attention to the Supreme Court's decision in United States v. Bestfoods, 524 U.S. 51, 55 (1998). In Bestfoods, a CERCLA case,[3] the Supreme Court held that a corporate parent that actively participated in, and exercised control over, the operations of the facility itself may be held directly liable in its own right as an operator of the facility. It reasoned that liability under CERCLA "may turn on operation as well as ownership, and nothing in the statute's terms bars a parent corporation from direct liability for its own actions in operating a facility owned by its subsidiary." Id. at p. 64. A parent corporation can be directly liable as an "operator" where it is involved "with 'operations having to do with the leakage or disposal of hazardous waste, or decisions about compliance with environmental regulations.'" United States v. Kayser-Roth Corp. 272 F.3d 89, 102 (1st Cir. 2001) (quoting Bestfoods, 524 U.S. at 68).

Here, Plaintiff has adequately alleged facts to support an inference that the Non-Owner/Operator Defendants exercised sufficient control to state a plausible claim for direct liability under the standard enunciated in Bestfoods. See ECF No. 73 at pp. 12-16. Since corporate "control" is a fact-specific inquiry and may support a finding of direct liability under both the CWA and RCRA, Plaintiff's "group" allegations once again pass muster to state a plausible claim applying the Rule 12(c) standard of review and the applicable hesitancy dictated by the First

---

[2] As noted, Judge Smith has already ruled that Plaintiff has sufficiently alleged "control over the Terminal" as to the Non-Owner/Operator Defendants in connection with the RCRA claim. Conservation Law Found., 2020 WL 5775874 at *3.

[3] While Bestfoods interprets CERCLA, its interpretation also applies to questions of RCRA and CWA liability. See, e.g., LeClercq v. Lockformer Co., No. 1:00-cv-7164, 2002 WL 908037, at *2 (N.D. Ill. May 6, 2002) ("[T]he statutory definition of 'owner' and 'operator' are the same under RCRA and CERCLA, and the standards for owner and operator liability under the two statutes are identical."); United States v. Jones, 267 F. Supp. 2d 1349, 1355 (M.D. Ga. 2003) (applying CERCLA case law to question of direct operator liability in CWA and Oil Pollution Act case).

Circuit as to Rule 12(c) motions filed significantly after a complaint is answered.  See Grajales, 682 F.3d at 46.

**Conclusion**

For the foregoing reasons, I recommend that Defendants' Motion for Judgment on the Pleadings (ECF No. 70) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 30, 2022