UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHELL OIL PRODUCTS US D/B/A EQUILON ENTERPRISES LLC, <br> SHELL OIL COMPANY, <br> SHELL PETROLEUM, INC., <br> SHELL TRADING (US) COMPANY, <br> MOTIVA ENTERPRISES LLC, and <br> TRITON TERMINALING LLC, <br><br> Defendants. | C.A. No. 1:17-cv-00396-WES-LDA <br><br> REQUEST FOR EXPEDITED RELIEF |

**JOINT MOTION TO MODIFY CASE MANAGEMENT ORDER**

Plaintiff Conservation Law Foundation, Inc. ("CLF") and Defendants Shell USA, Inc. f/k/a Shell Oil Company, Shell Petroleum Inc., Shell Trading (US) Company, Motiva Enterprises LLC, Triton Terminaling LLC and Equilon Enterprises LLC d/b/a Shell Oil Products US ("Defendants") (collectively, "Parties") respectfully move this Court pursuant to Fed. R. Civ. P. 16(b)(4) and for good cause to modify the current Case Management Order (Sep. 13, 2024 Text Order entering ECF 155). The Parties have been working diligently to conduct and conclude fact discovery. However, on Sep. 13, 2024, when the Court entered the Parties' June 15, 2024 Proposed Case Management Order (ECF 155), several deadlines had already passed. The expiration of these deadlines will negatively impact the resolution of discovery. Thus, the Parties request that the Court modify the Sept. 13, 2024 Case Management Order to allow for further discovery and that the Court expedite relief pursuant to LR Cv. 9.

As grounds for this Motion, the parties state as follows:

1. On June 7, 2024, the Parties submitted the Proposed Case Management Order, ECF 155. ECF 155 includes a July 1, 2024 deadline for the Parties to contact the Court to schedule an informal conference per the Court's Standing Order on most of the outstanding discovery disputes. ECF 155 at 3.

2. Additionally, when the Parties submitted their Proposed Case Management Order in June, it included a disputed deadline: "Defendants' Proposal: Deadline for the Parties to propound any requests for production or interrogatories." ECF 155 at 3. Plaintiff CLF opposed Defendants' proposal, and the Parties presented the Court with competing arguments for and against this deadline. *Id.* at 4–6.

3. On June 28, 2024, the Parties submitted their Joint Status Report and noted that they had resolved their dispute over Defendants' proposed deadline for additional requests for production and interrogatories, ECF 156 at 2, and filed a Revised Proposed Case Management Order later the same day. ECF 157. ECF 157 does not include a deadline to schedule an informal conference per the Court's Standing Order. The Court did not rule on the Revised Proposed Case Management Order and the Parties did not consider the deadlines in ECF 155 or 157 binding.

4. On Sep. 13, 2024, when the Court entered the Parties' Proposed Case Management Order from June 7, 2024 (ECF 155). Several of the deadlines in ECF 155 had passed, including the July 1, 2024 deadline for the Parties to schedule an informal conference with the Court.

5. Because the Court requires an informal conference with the Court before filing discovery motions, Aug. 1, 2021 Notice Regarding Discovery Disputes, the now-past July 1, 2024 deadline could prevent the Parties from seeking relief on their remaining discovery disputes.

6. The Parties wish to continue narrowing the scope of their discovery disputes, schedule an informal conference with the Court, and file discovery motions addressing the issues if authorized by the Court.

7. The Parties have met and conferred on several occasions, including most recently on October 10, 2024. The Parties made progress in narrowing the scope of the disputed issues regarding CLF's First Set of Requests for Production and Defendants have agreed to supplement several interrogatory responses.

8. The Parties' Proposed Amended Case Management Order requires the Parties to contact the Court no later than October 18, 2024 to schedule an informal conference on remaining discovery disputes and file discovery motions on existing disputes by November 15, 2024. The Parties believe that they have exhausted their meet and confer efforts and have, or will have, by October 18, 2024 be prepared to identify each disputed issue on which they intend to seek relief.

9. Thus, pursuant to Fed. R. Civ. P. 16(b)(4), good cause exists to modify this Court's Scheduling Order.

WHEREFORE, the parties respectfully request that this Court modify the Sep. 13, 2024 Case Management Order, pursuant to Fed. R. Civ. P. 16(b)(4), to the proposed order outlined below.

## [PROPOSED] AMENDED CASE MANAGEMENT ORDER

Unless otherwise specified by the Court, the Parties' response, reply, and compliance deadlines shall be governed by the Local Rules for the U.S. District Court for the District of Rhode Island, and the Federal Rules of Civil Procedure.

| Event | Proposed Deadline |
|---|---|
| Deadline for the Parties to complete good faith effort to resolve the disputes contained in ECF 115 (CLF's Motion to Compel Interrogatory Answers), ECF 118 (CLF's Motion to Compel Compliance with Subpoenas Duces Tecum), ECF 133 (Defendants' Motion for Protective Order), and ECF 139 (Sergio Jaramillo's Motion to Quash CLF's Deposition Subpoena), pursuant to Judge Almond's Text Order of April 23, 2024.<br><br>Deadline for Parties to complete good faith effort to resolve outstanding disputes about CLF's First Set of Requests to Produce. | October 16, 2024 |
| Deadline for the Parties to contact the Court to schedule an informal conference about unresolved disputes contained in ECF 115, ECF 118, ECF 133, and ECF 139.<br><br>Deadline for the Parties to contact the Court to schedule an informal conference about outstanding disputes from CLF's First Set of Requests to Produce. | October 18, 2024 |
| Deadline for the Parties to file motions pertaining to outstanding discovery disputes. | November 15, 2024 |
| Deadline for the Parties to propound any requests for production, interrogatories, or requests for admission. | October 31, 2024 |
| Deadline for the Parties to file motions to compel related to written discovery served after the date of this Order. | 30 days from receipt of the written discovery response or production of documents. |
| Close of Fact Discovery | 120 days after the Court's resolution of the discovery motions, or 120 days after the deadline to comply with the Court's Order(s) resolving the discovery motions, whichever is later. |
| Deadline for expert reports for burden of proof issues | 42 days after the close of Fact Discovery |

| Event | Proposed Deadline |
|---|---|
| Deadline for trial expert designation and expert reports on non-burden of proof issues | 42 days after Disclosure of Initial Experts |
| Disclosure of Rebuttal Experts | 28 days after Disclosure of Responsive Experts |
| Close of Expert Discovery | 42 days after Disclosure of Rebuttal Experts |
| Dispositive Motions | 84 days after the close of Expert Discovery |
| Responses in Opposition to Dispositive Motions | 21 days after the filing of Dispositive Motions |
| Replies in Support of Dispositive Motions | 14 days after the filing of Responses |

| | |
|---|---|
| DATED: October 15, 2024 | Respectfully submitted, |
| /s/ *Kenneth Rumelt*<br>Christopher M. Kilian, Esq.*<br>Kenneth Rumelt, Esq.*<br>Conservation Law Foundation, Inc.<br>15 East State Street, Suite 4<br>Montpelier, VT 05602<br>(802) 622-3011<br>(802) 622-3020<br>ckilian@clf.org<br>krumelt@clf.org<br><br>James Crowley, Esq.<br>RI Bar # 9405<br>Conservation Law Foundation, Inc.<br>235 Promenade Street<br>Suite 560, Mailbox 28<br>Providence, RI 02908<br>(401) 228-1905<br>Fax (401) 351-1130<br>jcrowely@clf.org<br><br>*Attorneys for Plaintiff*<br>**Admitted Pro Hac Vice* | /s/ *Antonio E. Lewis*<br>Antonio E. Lewis<br>King & Spalding, LLP<br>300 S Tryon Street<br>Suite 1700<br>Charlotte, NC 28202<br>(704) 503-2551<br>alewis@kslaw.com<br><br>Rose H. Jones<br>King & Spalding, LLP<br>1180 Peachtree Street, N.E.<br>Atlanta, GA 30309<br>T: (404) 215-5828<br>rjones@kslaw.com<br><br>Douglas A. Henderson<br>King & Spalding, LLP<br>1180 Peachtree Street, N.E.<br>Atlanta, GA 30309<br>T: (404) 572-2769<br>dhenderson@kslaw.com<br><br>Anthony G. Papetti (phv206982)*<br>Beveridge & Diamond, P.C.<br>825 Third Ave., 16th Floor<br>New York, NY 10022<br>T: (212) 702-5400<br>F: (212) 702-5442<br>apapetti@bdlaw.com<br><br>Roy D. Prather III (phv206800)*<br>Beveridge & Diamond, P.C.<br>20 North Charles Street, Suite 2210<br>Baltimore, MD 21201-4150<br>T: 1.410.230.1305<br>rprather@bdlaw.com |

James O. Craven (ct18790)
Wiggin and Dana LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: (203) 498-4400
F: (203) 782-2889
jcraven@wiggin.com

John S. Guttmann (ct25359)
Beveridge & Diamond, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (phv20420)*
Beveridge & Diamond, P.C.
400 West 15th Street
Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 15, 2024, the foregoing Joint Motion to Modify Case Management Order was filed through the Court's electronic filing system ("ECF"), through which the document is available for viewing and downloading from the ECF system, and a copy of the filing will be sent electronically to all parties registered with the ECF system.

                                                        */s/ Kenneth Rumelt*

                                                        Kenneth Rumelt