UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CONSERVATION LAW  :
FOUNDATION, INC.  :
                  :
v.                : C.A. No. 17-00396-WES
                  :
SHELL OIL PRODUCTS US, et al. :

**MEMORANDUM AND ORDER**

Pending before me for determination are four Motions to Compel filed by Plaintiff. (ECF Nos. 174, 175, 177, 185). These Motions generally relate to the appropriate scope and breadth of discovery in this enforcement action brought under the Clean Water Act ("CWA") and the Resource Conservation and Recovery Act ("RCRA"). Plaintiff's claims relate to Defendants' operation at the Providence Terminal, a bulk storage and fuel terminal located in the Port of Providence. Plaintiff's claim alleges various operational/permit violations at the Terminal and also violations based on the alleged failure to prepare for and protect against the coastal impacts of climate change.

This case is nearly eight years old, has involved substantial discovery, and has been the subject of prior discovery disputes including motion practice and conferences. In addition, there is a very similar action pending in Connecticut regarding the New Haven, Connecticut Terminal. See CLF v. Shell Oil Co., Civil No. 3:21-cv-00933 (JAM) (D. Conn.). That 2021 case has also been the subject of discovery disputes and two informative discovery rulings. See CLF v. Shell, 2023 WL 5434760 (D. Conn.

Aug. 22, 2023) and 2024 WL 1341116 (D. Conn. March 29, 2024). These thorough and thoughtful rulings are relevant to the scope of discovery in the instant case. The parties have been directed to apply these rulings as guidance during the meet and confer process. However, disputes remain unresolved. These disputes will be addressed below and in a manner consistent with the Connecticut rulings, the relevance and proportionality parameters of Rule 26(b), and Rule 1's overarching guidance that the rules, including discovery rules, be applied by the Court to secure the just, speedy, and inexpensive determination of every action.

    **A.**    **Plaintiff's Motion to Compel the Deposition of and Production of Documents by Sergio Jaramillo**
           **(ECF No. 174)**

Dr. Jaramillo represents that he has had no involvement or experience with the Providence Terminal. He is employed by Shell Global Services (US), Inc. (a non-party) as a Senior Metocean Engineer. Metocean concerns the understanding of the combined effects of meteorological and oceanographic conditions on coastal and marine operations. Dr. Jaramillo is apparently of interest to Plaintiff because he was part of a Metocean team that conducted an evaluation in 2019 of the Fourchon Junction Facility in Port Fourchon, Louisiana. According to Plaintiff, Dr. Jaramillo authored a case study regarding the climate impacts on this Facility located on the Gulf of Mexico coast.

Plaintiff seeks to question Dr. Jaramillo about "his employment as a Metocean engineer, including his climate-related work concerning Shell's Port Fourchon Facility, which included an assessment of 'the present and future scenarios' of 'storm surge' and 'relative sea level rise' under 'extreme metocean conditions induced by hurricanes' and their impact on the facility." (ECF No. 193 at p. 6). Plaintiff asserts that it will question

him about his personal knowledge of such matters and is not seeking any expert opinion.  Id.  Plaintiff argues that the sought-after discovery is relevant to the issue of what are good engineering practices to address such risks in coastal facilities.

On balance, the Court agrees with Plaintiff that Dr. Jaramillo likely possesses relevant information regarding the issue of best industry practices.  Defendants have not shown any undue burden as to this particular discovery or that it constitutes an end-run around the March 29, 2024 Connecticut Discovery Order.[1]  While the Connecticut Order limited certain discovery to no more than fifteen comparable coastal facilities (not including Port Fourchon), it did so because Plaintiff itself limited the Request to fifteen facilities.  See 2024 WL 1341116 at *3.  Further, there is nothing in that Connecticut Order dealing specifically with Dr. Jaramillo, and the Court made clear that whether or not the Port Fourchon Facility was sufficiently like the New Haven Terminal was an "unresolved factual issue" and that Plaintiff was not obligated to accept Defendants' "unilateral determination of what constitutes a 'like' facility at the discovery stage."  Id. at *4.  Finally, the Court does not agree that Plaintiff's Subpoenas improperly seek an unretained expert opinion from Dr. Jaramillo in violation of Rule 45(d)(3)(B)(ii).  Plaintiff represents that it will not ask Dr. Jaramillo to create a new report, engage in a new study, or to otherwise opine. (ECF No. 193 at p. 16).  Dr. Jaramillo indicates in his Declaration that his job is part of a Metocean team that reviews a facility and makes recommendations concerning design or implementation of adoption measures (i.e., engineering practices) to address meteorologic and

---

[1]   In his Declaration, the only burden asserted by Dr. Jaramillo was the need to review and refamiliarize himself with the 2019 Port Fourchon Study and the work.  (ECF No. 139-3, ¶ 14).

oceanographic conditions related to operations or assets. (ECF No. 139-3, ¶ 5). He also authored a 2019 study regarding his work at the Port Fourchon Facility that is publicly available. Id. at ¶ 7. Although information concerning such work and the Port Fourchon Facility may ultimately not shed light on what constitutes good engineering practices at the Providence Terminal, it is "an unresolved factual issue," and thus fair game for proportional discovery. Thus, the Court GRANTS Plaintiff's Motion to Compel. (ECF No. 174).

    B.    **Plaintiff's Motion to Compel Interrogatory Responses (ECF No. 175)**

Plaintiff seeks an order compelling more responsive answers to Interrogatories 20, 23, and 25-27. It argues that these Requests relate to their Bestfoods operator liability claims. Defendants counter that their Responses are appropriate and adequate given the vague and overly broad wording of the Interrogatories and also based on considerations of proportionality due to the ability to further explore the Responses through deposition testimony. On balance, the Court agrees with Defendants regarding the sufficiency of its Responses. Plaintiff has not shown that the Responses are incomplete and evasive as alleged. Frankly, the Responses and Objections appear reasonable given the wording and breadth of the Interrogatories. It appears to the Court that Plaintiff's primary concern is that the Interrogatories were not construed and answered as it would like which, of course, is not, in and of itself, a valid basis for a motion to compel. Also, in view of the extensive discovery undertaken in this case and the Connecticut action, the Court does not believe that continued debate and

wordsmithing as to these five Interrogatories is proportional to the overall needs of this case. Thus, the Court DENIES Plaintiff's Motion to Compel. (ECF No. 175).

    C.    **Plaintiff's Motion to Compel Compliance with Non-party Subpoenas Duces Tecum**
          **(ECF No. 177)**

Plaintiff seeks to compel further production of documents from non-parties Shell Pipeline Company LP, Shell Pipeline GP LLC, SOPC Holdings East LLC, and SOPC Southeast, Inc. (all Shell-affiliated entities) (the "Affiliates"). It argues that the Affiliates waived any obligations by failing to object or move to quash in a timely manner without good cause. Next, Plaintiff contends that, even if objections were not waived, such objections are invalid as the Subpoenas seek relevant documents. The Affiliates counter that Plaintiff cannot seriously contend that it was prejudiced by any delay in objections and that waiver is inappropriate because the Subpoenas are overbroad on their face, and the Affiliates engaged in good faith with Plaintiff regarding their concerns and produced documents. They also contend that the Subpoenas seek duplicative, cumulative discovery of that already sought from the named parties.

First, the Court rejects Plaintiff's technical waiver argument. Although these are non-party Subpoenas, they were directed at Shell Affiliated entities represented by Defendants' counsel. Counsel promptly communicated with Plaintiff's counsel regarding these Subpoenas and asserted Objections. It appears that this discovery dispute was the subject of meet and confer efforts along with several other ongoing discovery disputes between the parties. Counsel ultimately sought a protective order and moved to quash the Subpoenas on December 11, 2023. (ECF No. 133). That Motion was denied without prejudice by Text Order on April 23, 2024, and counsel now

raises those Objections in response to the instant Motion to Compel. (ECF No. 131). Plaintiff has shown no prejudice in the travel of this dispute or prejudice from any delay in tendering formal objections. Finding a waiver by a non-party under these particular circumstances would not serve the interests of justice.

Second, as to the substance of this discovery dispute, the Court is mindful that the Subpoenas are directed at affiliated entities but nonetheless, non-parties, and that there is overlap with the Document Requests served directly on Defendants.[2]

As to Requests 1-4, the Court finds them to be overly broad and disproportionate to the needs of the case. Plaintiff argues that these Requests are relevant to its "operator liability" claims asserted against the so-called "Non-owner/Operator" Defendants. While the Court has held that Plaintiff has sufficiently plead these claims, Plaintiff has not convinced the Court that these non-party Document Requests are sufficiently relevant and proportional to the needs of this case when Plaintiff has presumably sought similar documentation from the six named Defendants in this case (including three Non-owner/Operators sued on a corporate control theory).

As to Requests 7, 9, 13, 14, and 16, Plaintiff argues that they seek documents relevant to its good engineering practices claims. Again, these Requests all strike the Court as overly broad and disproportionate particularly when requested from non-parties. The Requests also reasonably appear to be cumulative and duplicative of discovery sought directly from the Owner/Operator Defendants in this case and also

---

[2] In its Request for Relief, Plaintiff limits its request to production of responsive documents "that are not duplicates of documents Defendants have already produced." (ECF No. 178-1 at p. 29). Further, Plaintiff does not specifically address Request 6 and thus waives any argument as to it.

from the Non-owner/Operator Defendants allegedly liable on a theory of having corporate control over environmental compliance at the Providence Terminal.

Finally, as to Requests 5, 8, 10, 11, 12, and 15, Plaintiff argues that they seek non-duplicate documents directly relevant to its CWA and RCRA claims directed at the Providence Terminal. In response, counsel for the Affiliates addresses these Requests in a conclusory fashion and fails to adequately support their Objections. (ECF No. 131 at pp. 17-18). Only Request 8 is specifically addressed, and the Affiliates make a confusing and unsupported argument that it seeks documents "irrelevant to the underlying claims." Id. at p. 25. Request 8 seeks documents related to the potential for flooding or storm surge at the Providence Terminal and thus appears to seek relevant documents. Affiliates have not convinced the Court otherwise or substantiated their claims of undue burden and disproportionality. Further, Plaintiff makes clear that it is only seeking responsive documents that are not duplicates of documents already produced by Defendants.

### D. Plaintiff's [Corrected] Motion to Compel Production of Documents Responsive to its First and Third Sets of Requests for Production (ECF No. 185)

Plaintiff seeks relief as to twelve of its Document Requests (Nos. 11, 12, 17, 23-27, 68, 78, 79, and 85).[3] Defendants Object and argue that the Court should exercise its discretion to deny the Motion and finally bring discovery in this 2017 case to an "orderly and timely end." (ECF No. 191 at p. 3). In their respective arguments, the parties debate the impact of the 2024 Connecticut Discovery Order on document

---

[3] Requests 11, 12, 17, and 23-27 are part of Plaintiff's First Set of Requests served on May 28, 2021 and apparently revised at some point after the Connecticut Discovery Order. Requests 68, 78, 79, and 85 are part of Plaintiff's Third Set of Requests served on December 22, 2023.

production here.  Defendants describe their significant burden in complying with that Order and argue that it should mark the outer limits of discovery in this action.  Plaintiff disagrees and contends that the Connecticut Order supports its Requests, and notes that it modified several of the Requests for which the Connecticut Order denied relief to address that Court's concerns as to overbreadth.  Further, Plaintiff represents that it is asking Defendant to collect and review documents for only one additional facility (Port Fourchon) and has offered to limit its Request to only electronically stored documents to eliminate any need to collect and scan paper files.  (ECF No. 192 at p. 18).

First, as to Requests 11, 12, 17, and 23-27, they are all still overly broad in their revised forms and reasonably appear to constitute a significant expansion of document production beyond that already ordered in the Connecticut action.  This Court views the Connecticut Discovery Order as generally setting reasonable guardrails on the expansive discovery sought in this case and not as Plaintiff's opportunity for a second bite at the apple to expand discovery in this forum.

Second, as to Requests 68, 78, 79, and 85, they are more narrowly tailored and seek relevant documents regarding relatively narrow subject matters.  Defendants have not sustained their burden of showing that they are objectionable as overly broad or unduly burdensome.  Further, Defendant's Opposition does not address Request 85 and thus any objection as to it is waived.

**Conclusion**

For the reasons stated, Plaintiff's Motions are resolved as follows:

1. ECF No. 174 – GRANTED.

2. ECF No. 175 – DENIED.

      3.      ECF No. 177 – GRANTED in part as to Requests 5, 8, 10, 11, 12, and 15, and otherwise DENIED.

      4.      ECF No. 185 – GRANTED in part as to Requests 68, 78, 79, and 85, and otherwise DENIED.

SO ORDERED

 /s/   Lincoln D. Almond
United States Magistrate Judge
February 14, 2025