UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., :<br>    Plaintiff, : | |
| : | |
| v. : | C.A. No. 17-00396-WES |
| : | |
| SHELL OIL PRODUCTS US, et al., :<br>    Defendants. : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

      This citizen-suit is an enforcement action brought under the Clean Water Act ("CWA") and the Resource Conservation and Recovery Act ("RCRA") pertaining to the operations at the Providence Terminal, a bulk storage and fuel terminal located in the Port of Providence. Plaintiff Conservation Law Foundation, Inc. ("CLF") alleges that the Shell Defendants are responsible for various operational/permit violations at the Terminal, as well as violations based on the alleged failure to prepare for and protect against the coastal impacts of climate change. See generally Conservation Law Foundation, Inc. v. Shell Oil Products US, C.A. No. 17-396-WES, 2020 WL 5775874 (D.R.I. Sept. 28, 2020). Pending before me for determination in this case "plagued by discovery disputes"[1] are two motions to compel, one filed by CLF (ECF No. 202) and one filed by the Shell Defendants (ECF No. 201). As with prior discovery rulings made in this nearly-eight-year-old case, the Court addresses the motions in reliance not just on its own law of the

---

[1] The Court applies this description to this case, although the quote comes from Conservation Law Foundation, Inc. v. Shell Oil Co., Civil No. 3:21-cv-00933 (JAM), 2024 WL 1341116, at *1 (D. Conn. Mar. 29, 2024). As this Court has previously noted, the case pending in the District of Connecticut is "very similar" to the instant action in regard to the discovery challenges presented in both cases. Conservation Law Foundation, Inc. v. Shell Oil Co., C.A. No. 17-00396-WES, 2025 WL 509351, at *1 (D.R.I. Feb. 14, 2025); see also ECF No. 223 at 2-4 (no error for Rhode Island court to decide discovery disputes consistent with discovery orders in Connecticut case).

case, but also on consideration of the thorough and informative determinations made in the very similar – though separate and distinct – action pending in Connecticut regarding the New Haven, Connecticut Terminal.  See e.g., Conservation Law Foundation, Inc. v. Shell Oil Co., Civil No. 3:21-cv-00933 (JAM), 2024 WL 1341116 (D. Conn. Mar. 29, 2024) and Conservation Law Foundation, Inc. v. Shell Oil Co. , Civil No. 3:21-cv-00933 (JAM), 2023 WL 5434760 (D. Conn. Aug. 22, 2023).  The new disputes are addressed below, consistent with the law of this case, the Connecticut rulings, the relevance and proportionality parameters of Fed. R. Civ. P. 26(b), and Fed. R. Civ. P. 1's overarching guidance that the discovery rules be applied by the Court to secure the just, speedy and inexpensive determination of every action.

    A.    **CLF's Motion to Compel**

In response to certain of the requests in CLF's Fifth Set of Requests for Production ("RFP") and First Set of Requests to Admit ("RFA"), the Shell Defendants declined to respond in reliance (in part) on the objection that the documents/admissions sought are "more appropriate for expert discovery."  ECF No. 202 at 4.  The Court overrules all of these objections in that the discovery in issue asks for factual documents and admissions regarding the Shell Defendants' knowledge and intent in designing, constructing and operating the Terminal with regard to specified flood/storm risks.  While these topics will also doubtless be the subject of expert analysis, CLF is entitled to the factual responses requested and the Shell Defendants are ordered to supplement their responses accordingly.  To avoid undue burden, the Court further rules that these requests shall be interpreted as not encompassing documents, information or admissions procured based on an analysis performed by an expert retained or specially employed in anticipation of this or related litigation or to prepare for trial in such litigation.  Therefore, the Shell Defendants do not need to disclose and log as work product or attorney-client

communications such privileged material as would have been responsive. The Shell Defendants' responses to this discovery are without prejudice to their right to identify testifying experts at the appropriate time consistent with the Court's Case Management Order.

    The Shell Defendants have also objected to many of the requests in issue because they find the wording to be vague or because the terms used amount to an "attempt[] to create and introduce new regulatory legal terms, standards, concepts and requirements." ECF No. 202 at 7. Except for RFAs 63-67, and mindful of the detail explicating the meaning of these terms that was included by the Shell Defendants in their objections, the Court declines to overrule such vagueness objections but also rules that the Shell Defendants may not refuse to respond in reliance on them. Rather, the Shell Defendants must define each such term as they reasonably understand it in the context of this case and respond accordingly. This task will not be burdensome or disproportional in that the Shell Defendants' objections already articulate an approach to definitions in context for each of the terms to which they have asserted response-blocking vagueness objections.

    Regarding RFAs 63-67, which request admissions regarding what is "possible" and mindful that requests for admission are not designed to develop information, Boudreau v. Petit, C.A. No. 17-301WES, 2024 WL 4771355, at *2 (D.R.I. Nov. 13, 2024), the Court finds that these RFAs call for irrelevant speculation. Nevertheless, because the underlying information sought by these RFAs is relevant, CLF may seek it through the more nuanced discovery methods designed to seek such information, such as by questioning a knowledgeable witness during a deposition. Therefore, the Shell Defendants' objections to RFAs 63-67 are sustained and CLF's motion to compel further responses is denied.

Regarding RFPs 101, 102 and 106, the Shell Defendants object on grounds that the requests are duplicative of other requests to which they have already responded. These objections are overruled in that the Court finds that the new requests are sufficiently different from the earlier iterations to merit a response. This Order is without prejudice to the Shell Defendants relying on their prior responses as complete responses to the new requests by reference to the prior response number, provided that, to the extent that the responsive (to the new iteration of the request) documents are a discrete subset of the prior production, the Shell Defendants shall supplement their responses by providing either Bates ranges or a general description sufficient to identify which are the responsive documents.[2]

Regarding RFP 98, the Shell Defendants object because the documents requested relate generally to climate change and are not restricted to the Providence Terminal at issue in this case. This Court has previously ruled that discovery of documents and information that relate generally to climate change as it may impact the Providence Terminal, but do not expressly refer to the Providence Terminal, may be relevant and ordering (for example) a deposition of a witness with no link to the Providence Terminal to develop information generally related to meteorological and oceanographic conditions. Conservation Law Foundation, Inc. v. Shell Oil Prods. US, C.A. No. 17-00396-WES, 2025 WL 509351, at *1-2 (D.R.I. Feb. 14, 2025). Further, this Court has held that what the Shell Defendants "do at their other facilities may inform the meaning of [best industry practice]." Text Order of May 20, 2025 (quoting Conservation Law Foundation, Inc. v. Shell Oil Co., Civil No. 3:21-00933 (JAM), 2024 WL 1341116, at *4 (D.

---

[2] The Court is affording the Shell Defendants the option to provide either Bates ranges or a general description of what in a previously produced set is responsive to the new but narrower iteration of the request. The Shell Defendants shall use this option in good faith to provide reasonably meaningful responses; if the result is that CLF is unable reasonably to ascertain what are the responsive documents, the parties are directed to meet and confer. CLF may ask for a discovery dispute conference using a single response as an exemplar request to illustrate that the burden imposed on it by the general description (without specific Bates ranges) is unreasonable.

4

Conn. Mar. 29, 2024) (relevant discovery includes material focused on whether best industry practice requires consideration of climate change for different facility as long as it is like Shell facility in issue)).  Accordingly, the Court overrules the Shell Defendants' relevancy objection to RFP 98 and orders that documents withheld in reliance on it must be produced, including without limitation by searching in the files of appropriate custodians (to include the former employees who CLF claims authored the paper) likely to have relevant material.

In their motion and the letter brief summarizing matters still in issue (ECF No. 221), CLF asks the Court to overrule other relevancy objections but did not present a developed argument. The Court denies this aspect of the motion without prejudice, mindful that the supplemental responses that will be provided based on this order may highlight relevancy objections that are the only remaining barrier to production of discovery that CLF believes is being wrongfully withheld.  To that extent, the parties are directed to meet and confer (including based on the relevancy determinations of this Court in this case, and in consideration of the relevancy determinations in the Connecticut case) and to request an informal discovery conference with the Court if they are unable to reach agreement.

Supplemental responses consistent with this Order are due within thirty days of the issuance of this Order.

      B.      **The Shell Defendants' Motion to Compel**

The Shell Defendants' motion to compel is largely focused on written discovery that is not relevant, or is peripherally relevant, but disproportional, to the claims and defenses in issue in this case.  That is, they sweepingly seek information, documents and admissions regarding CLF's general institutional "knowledge" of certain facts (as opposed to the facts themselves, to which CLF has not objected on grounds of relevance), CLF's fundraising and/or litigation funding,

5

CLF's advocacy *inter alia* in making comments on the permits in issue, CLF's collection of materials related *inter alia* to adverse weather events and CLF's communications with third parties (including donors, members and supporters) regarding climate change and other matters in issue.

This discovery is not relevant to the claims and defenses in issue because this is a citizen suit brought under the enforcement provisions of the CWA and the RCRA by CLF, which is a nonprofit, member-supported organization dedicated to the conservation and protection of New England's public health, environment and natural resources. ECF No. 45 ¶¶ 3, 10. As such, CLF's institutional knowledge, fundraising, advocacy and communications are generally outside the scope of topics covered by Fed. R. Civ. P. 26(b). See United States Securities & Exchange Comm'n v. Nutmeg Grp., LLC, 285 F.R.D. 403, 405-06 (N.D. Ill. 2012) (current state of enforcement agency's knowledge is not within scope of permissible discovery); see also StarLink Logistics, Inc. v. ACC, LLC, 101 F.4th 431, 447 (6th Cir. 2024) ("citizen suits serve an important role in environmental enforcement . . . permitting individual plaintiffs to step into the government's shoes and function as private attorneys general") (internal quotation marks omitted). And, to the extent that any of the requested information or material is peripherally relevant, the Court finds that the discovery is hopelessly overbroad (for example, targeting "all" documents) and would be extremely burdensome to locate (requiring a search encompassing all of CLF's files, including research and litigation files) and produce (including because it broadly sweeps in work product and attorney client material).[3] Therefore, the Shell Defendants' motion to compel this material is denied.

---

[3] The Shell Defendants' specification in some (but not all) of the discovery in issue that they do not seek privileged material does not eliminate the burden in that CLF must still screen all of its responsive material for privileged items.

The Court notes that this ruling applies to the motion in issue. That is, the Court has rejected the Shell Defendants' contention that this material should be produced based on the possibility that, during the subsequent deposition or expert phase of this case, these irrelevant or peripherally-relevant-but-disproportional topics may arise and be discoverable in that different circumstance. The Court's ruling is that such possibility is not sufficient to make this burdensome written discovery discoverable now; it is not intended to preclude pursuit of such information if it is both relevant and proportional in a different circumstance.

The Shell Defendants also ask the Court to overrule CLF's vagueness objections. To the extent that CLF's only objection blocking a response is the vagueness of the terms used, as with the Shell Defendants' vagueness objections, the Court declines to overrule such objections but also rules that CLF may not refuse to respond in reliance on vagueness objections. Rather, CLF must define each such term as it reasonably understands the term in the context of this case and respond accordingly.

To the extent that any are required, supplemental responses consistent with this Order are due within thirty days of the issuance of this Order.

### C. Conclusion

For the reasons stated above and on the record during the two hearings on these motions, Plaintiff's Motion (ECF No. 202) and the Shell Defendants' Motion (ECF No. 201) are each granted in part and denied in part.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 29, 2025