UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., : | |
|     Plaintiff, : | |
| : | |
| v. : | C.A. No. 17-396-WES |
| : | |
| EQUILON ENTERPRISES LLC (d/b/a SHELL : | |
| OIL PRODUCTS US), et al., : | |
|     Defendants. : | |

**MEMORANDUM AND ORDER GRANTING MOTION FOR ISSUANCE OF LETTER OF REQUEST (LETTER ROGATORY)**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the motion of Plaintiff, Conservation Law Foundation, Inc. ("CLF"), for an order issuing a Letter Rogatory, by which CLF seeks both document production and testimony. ECF No. 224. CLF requests the production of documentary evidence and testimony from an individual who is not a party to this litigation, Dr. Alison Brown, located at 21 Old Dalmoral Drive, Auchendinny, Penicuik EH26 8PF, Scotland. In support of the request for production of documents and testimony from a non-party foreign individual, CLF alleges, and the Shell Defendants do not dispute, that Dr. Brown was an employee of a Shell entity (not joined in this case) where she served on the Shell Metocean Team and that she authored a series of documents from 2012 to 2018 regarding reducing the impact of climate change hazards on Shell operations and assets, as well as that, in 2019, after her departure from Shell, she wrote an article regarding the impact of climate change on offshore and onshore design criteria. ECF Nos. 224 at 1-2; 224-1 at 6. Accordingly, CLF contends that Dr. Brown has personal information of matters that are directly relevant to this case, which is focused on Shell's knowledge of climate

change risks and its ability to respond to those risks as impacting its coastal industrial sites, including the Providence Terminal in issue in this case.

The Shell Defendants initially objected to the motion on both procedural and substantive grounds. ECF No. 230. On June 17, 2025, the Court addressed the motion during a conference and noted procedural problems with Plaintiff's proposed Letter; the Court directed CLF to meet and confer with the Shell Defendants regarding the procedural problems and to file a revised proposed Letter. The parties complied and CLF has submitted an amended Letter that reflects the Shell Defendants' procedural comments, ECF No. 239, which the Court has relied on in preparing the slightly revised Letter that it is issuing today.

The Shell Defendants maintain their substantive objection to issuance of the Letter, asserting that the discovery sought is cumulative, disproportional, unnecessary and unjustified. For the reasons stated below, the Court is satisfied that the evidence sought to be obtained through this request is relevant, not cumulative, not disproportional, justified and necessary and cannot reasonably be obtained by other methods, as well as that, because this Court lacks authority to compel the participation of Dr. Brown and because such participation is necessary in order that justice be served in this case, this Court has overruled the Shell Defendants' substantive objections and, as revised, has issued the Letter with the proviso that it shall not be transmitted for seven days following issuance to afford the Shell Defendants time to seek judicial review of this Memorandum and Order.

**I.     Applicable Law**

A letter rogatory, or letter of request, is "a formal request from a court in which an action is pending, to a foreign court to perform some judicial act." 22 C.F.R. § 92.54; see 22 C.F.R.§ 92.66. Letters rogatory are commonly used to facilitate the taking of evidence from witnesses

located in foreign jurisdictions.  Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 248 n.1 (2004); see generally Brown v. State Street Corp., C.A. No. 05-11178-NG, 2006 WL 8458183, at *2 (D. Mass. Mar. 20, 2006) (courts "generally grant motions for letters of request unless there is a good reason not to") (internal quotation marks omitted).  "Rule 28(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1781(b)(2) authorize federal courts to issue letters rogatory that enable a [United States] litigant to obtain non-party discovery from a foreign [witness]."  Lantheus Medical Imaging, Inc. v. Zurich American Insurance Co., 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012); see DBMS Consultants Ltd. v. Computer Associates Intern., Inc., 131 F.R.D. 367, 369 (D. Mass. 1990) ("[i]t is settled that . . . courts have inherent authority to issue letters rogatory").

      The Federal Rules of Civil Procedure specifically contemplate that, in addition to document discovery and other forms of non-testimonial discovery, a letter rogatory may include a request for the deposition of a foreign witness.  See Fed. R. Civ. P. 28(b)(1)(B) & (b)(2).  A letter rogatory requesting a deposition may issue "on appropriate terms after an application and notice" and "without a showing that taking the deposition in another manner is impracticable or inconvenient."  Fed. R. Civ. P. 28(b)(2).  Because such requests rest entirely upon the comity of courts toward each other, 22 C.F.R. § 92.54, the issuing court in the United States should ensure that the parties are limited to obtaining discovery regarding nonprivileged matters that are relevant and proportional to the needs of the case and consistent with the requirements of the Hague Convention.  Marical Inc. v. Cooke Aquaculture Inc., 1:14-cv-00366-JDL, 2017 WL 3142469, at *1-2 (D. Me. July 25, 2017); see Brown, 2006 WL 8458183, at *3-4 (requesting party ordered to revise document requests to comply with the United Kingdom's heightened specificity requirements under the Hague Convention).  Based on these authorities, it is clear that

3

a district court has the "inherent authority to issue letters rogatory and may issue letters rogatory directly to a foreign tribunal" pursuant to 28 U.S.C. § 1781(b)(2).  <u>Marical Inc. v. Cooke Aquaculture Inc.</u>, 1:14-cv-00366-JAL, 2016 WL 9459259, at *1 (D. Me. July 20, 2016).

The decision whether to issue letters rogatory lies within the court's discretion.  <u>Umicore Precious Metals Chemistry USA, LLC v. Trustees of Boston College</u>, Civil Action No. 22-12232-GAO, 2024 WL 1346474, at *1 (D. Mass. Mar. 29, 2024).  While the court generally will not weigh the evidence sought or predict whether the evidence will be obtained, in exercising such discretion, the court must be vigilant in that judicial "'supervision of [such] discovery should always seek to minimize its costs and inconvenience and to prevent improper uses of discovery requests.'"  <u>Marical Inc.</u>, 2016 WL 9459259, at *1 (quoting <u>Societe Nationale Industrielle Aerospatiale v. United States District Court for Southern District of Iowa</u>, 482 U.S. 522, 546 (1987)).  The request should be specifically and narrowly tailored to the issues to be addressed.  <u>See</u> <u>Desirous Parties Unlimited Inc. v. Right Connection Inc.</u>, Case No. 2:21-cv-01838-BNW, 2023 WL 245871, at *1-2 (D. Nev. Jan. 18, 2023) (granting motion for issuance of letters rogatory where requested information was narrowly tailored to obtain relevant information).  In evaluating requests for letters rogatory, the court may consider

> (1) the importance to the . . . litigation of the documents or [testimony]; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

<u>Jubilant Generics Ltd. v. Dechra Veterinary Prods., LLC</u>, No. 2:23-cv-00237-JDL, 2024 WL 726211, at *1 (D. Me. Feb. 22, 2024) (internal quotation marks omitted); <u>see</u> <u>also</u> <u>Societe Nationale Industrielle Aerospatiale</u>, 482 U.S. at 544 n.28.  Further, the court's exercise of

4

discretion should be informed by the discovery standards set forth in the applicable federal rules. Marical Inc., 2017 WL 3142469, at *2.

**II.      Analysis**

The Court finds that CLF has sustained its burden of demonstrating that the evidence sought from Dr. Brown is not cumulative, duplicative, irrelevant,[1] merely tangential or disproportionate as the Shell Defendants contend.  For starters, the Court has <u>already</u> ruled[2] that testimony of members of the Metocean Team on which Dr. Brown worked is important to the litigation and squarely relevant, that is, it is "fair game for proportional discovery." Conservation Law Foundation, Inc. v. Shell Oil Prods. US, C.A. No. 17-00396-WES, 2025 WL 509351, at *2 (D.R.I. Feb. 14, 2025).  In addition, the Court has <u>already</u> overruled the Shell Defendants' irrelevancy objections and granted CLF's motion to compel documents related to Dr. Brown's 2019 paper sought by request for production 98.  Conservation Law Foundation, Inc. v. Shell Oil Prods. US, C.A. No. 17-00396-WES, 2025 WL 1530508, at *2 (D.R.I. May 29, 2025) ("discovery of documents and information that relate generally to climate change as it may impact the Providence Terminal, but do not expressly refer to the Providence Terminal, may be

---

[1] The Court has afforded little weight to the Shell Defendants' undeveloped argument that the newly issued General Permit in Rhode Island renders the requested discovery irrelevant; the Shell Defendants make this argument in reliance on their presentation in a recently filed, but not yet fully briefed, motion for partial summary judgment. ECF No. 240.  Guided by Fed. R. Civ. P. 26(b)(1), the Court finds that the matters sought are squarely relevant to the claims and defenses that are presently part of this case.

[2] The Court notes its concern that, without citing to the Court's directly contrary relevancy rulings, the Shell Defendants' substantive opposition to the issuance of the Letter Rogatory restates their repeatedly overruled argument that discovery that does not specifically reference the Providence Terminal, but which implicates matters that affect facilities like the Providence Terminal, is irrelevant and disproportional.  ECF No. 230 at 6, 10; see, e.g., Conservation Law Foundation, Inc. v. Shell Oil Prods. US, C.A. No. 17-00396-WES, 2025 WL 1530508, at *2 (D.R.I. May 29, 2025) (overruling objection to request for production 98 seeking production of documents related to Dr. Brown's 2019 paper); Conservation Law Foundation, Inc. v. Shell Oil Prods. US, C.A. No. 17-00396-WES, 2025 WL 509351, at *2 (D.R.I. Feb. 14, 2025) (overruling objection to deposition of member of Shell Metocean team that reviews facilities and makes recommendations concerning design or implementation of adoption measures, although witness did not specifically work on Providence Terminal).

relevant"). Thus, the first Jubilant factor is readily met in that the Court finds that the Brown discovery is sufficiently important to the litigation as to justify the issuance of the Letter Rogatory.

As to Jubilant factors three and four, the Court finds that they are met by CLF's proffer of its unsuccessful efforts to get answers about Dr. Brown's materials by deposing domestic witnesses currently employed by a Shell entity. The Court further finds that this effort confirmed the relevancy and importance of the discovery sought from Dr. Brown, including not only the work done while she was employed at a Shell entity but also her 2019 paper as described in CLF's reply. See ECF No. 232-1 at 9-15. Focusing on the fifth Jubilant factor – the extent to which noncompliance with the request would undermine important interests of the United States or compliance would undermine important interests of Scotland – the Court finds that the Letter Rogatory is sought in furtherance of important matters of public concern in the United States as embodied in the Clean Water Act and the Resource Conservation and Recovery Act, while no important interest of Scotland in avoiding this discovery has been presented. Turning to the second Jubilant factor, the Court finds that CLF has sustained its burden of asking for documents that are separately described with adequate specificity in its amended Letter. Finally, the Court finds good cause for CLF's seeking the requested document production past the deadline for written discovery requests based on CLF's efforts to obtain the discovery now sought from Dr. Brown at earlier stages of the litigation. Therefore, the Court overrules the Shell Defendants' objection based on the case management order.

In discharging its duty of judicial supervision of the requested discovery, the Court has required, and the Letter as issued specifies, that the discovery shall be taken subject to the applicable Federal Rules of Civil Procedure, applicable privileges and any protections provided

by the laws of Scotland. Further, the evidence taken is subject to the requirement that the witness must take an oath or affirm that she will give truthful testimony. In addition, the Letter specifies that it will not require any person to commit any offense or to undergo a broader form of inquiry than he/she would if the litigation were conducted in the applicable foreign court. Marical Inc., 2017 WL 3142469, at *3; see Societe Nationale Industrielle Aerospatiale, 482 U.S. at 546 ("American courts should therefore take care to demonstrate due respect for any special problem confronted by the foreign litigant on account of its nationality or the location of its operations, and for any sovereign interest expressed by a foreign state.").

In reliance on this analysis, the Court finds that the requested discovery is relevant, necessary and proportional to the claims and defenses at issue in this action, is not cumulative, is not unduly burdensome, and is not the product of improper motive, as well as that it cannot reasonably be obtained by other methods. The Court further finds that the Letter Rogatory seeking the requested discovery, as issued herewith, is in compliance with applicable law, as well as that the granting of the motion for issuance of this Letter Rogatory is in the interest of justice because this Court lacks authority to compel the participation of Dr. Brown and because such participation is necessary in order that justice be served in this case.

### III.    Conclusion

Based on the foregoing, the Court orders that CLF's motion for issuance of a Letter Rogatory (ECF No. 224) is hereby granted and the Court is issuing the Letter herewith. However, as requested by the Shell Defendants, the Court further orders that the transmittal of the issued Letter Rogatory by CLF to the appropriate authority in the United Kingdom shall be delayed for seven days from its issuance to allow the Shell Defendants time to appeal this Memorandum and Order to the District Court.

<u>/s/ Patricia A. Sullivan</u>
PATRICIA A. SULLIVAN
United States Magistrate Judge
July 14, 2025