## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

CONSERVATION LAW FOUNDATION, INC.,

      *Plaintiff*,

        v.

EQUILON ENTERPRISES LLC (d/b/a SHELL OIL PRODUCTS US), SHELL OIL COMPANY, SHELL PETROLEUM, INC., SHELL TRADING (US) COMPANY, MOTIVA ENTERPRISES LLC, and TRITON TERMINALING LLC,

      *Defendants*.

C.A. No. 1:17-cv-00396-WES-LDA

**PLAINTIFF'S LETTER OF REQUEST FOR DEPOSITION AND DOCUMENT PRODUCTION IN THE UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

To the Central Authority of the United Kingdom of Great Britain and Northern Ireland:

      The UNITED STATES DISTRICT COURT for the DISTRICT OF RHODE ISLAND, (the "Court"), presents its greetings and compliments to the Judicial Authority of United Kingdom of Great Britain and Northern Ireland ("UK") and respectfully requests its assistance, through its competent judicial authority, in obtaining evidence in connection with a civil proceeding currently pending before this Court.

      This request is being made pursuant to Article 3 of the *Hague Convention of 18 March 1970 on the Taking of Evidence in Civil and Commercial Matters*, which is codified at 28 U.S.C. 2555.

This Court requests that the appropriate judicial authority of the United Kingdom compel the production of documents and testimony from Alison Brown.  The assistance described below is necessary in the interests of justice.

The Court asserts that the documents and testimony sought via this request are directly relevant to the issues in dispute in a civil proceeding pending in this Court and are not discovery within meaning of Article 23 of the Hague Evidence Convention; that is, merely testimony or documents intended to lead to relevant evidence for trial.  Based on existing timetables, the Court has scheduled the end of fact discovery for November 3, 2025.  This request is made with the understanding that it will in no way require any person to commit any offense, or to undergo a broader form of inquiry than she would if the litigation were conducted in a court in Scotland. Further, this Court is satisfied that the evidence sought to be obtained through this request is relevant and necessary and cannot reasonably obtained by other methods.  Because this Court lacks authority to compel participation of this person and because such participation is necessary in order that justice be served in the case in this Court, this Court respectfully requests assistance.

The requested document production and testimony will be consistent with the United States Federal Rules of Civil Procedure and the local rules of the United States District of Rhode Island, including Fed. R. Civ. Pro. 26(b)(1). The deposition will be limited to seven (7) hours, and will be video recorded.

The particulars of this Hague Evidence Request are as follows:

1.  **Sender**:

Hon. Patricia A. Sullivan, United States Magistrate Judge
UNITED STATES DISTRICT COURT
District of Rhode Island
Federal Building and Courthouse
One Exchange Terrace
Providence, RI 02903
(401) 752-7200

**2. Central Authority of the Requested State:**

The Legalisation Office
THE FOREIGN & COMMONWEALTH OFFICE
Norfolk House (West)
437 Silbury Boulevard
Milton Keynes, MK9 2AH
UNITED KINGDOM
+44 (0)1908 295 111

**3. The Person to whom the executed request is to be returned:**

Vincent Greene
Motley Rice LLC
40 Westminster Street, 5th Floor
Providence, RI 02903
(401) 457-7730
vgreene@motleyrice.com

    on behalf of:

Hon. William E. Smith, United States Senior District Judge
UNITED STATES DISTRICT COURT
District of Rhode Island
Federal Building and Courthouse
One Exchange Terrace
Providence, RI 02903
(401) 752-7200

    and

Hon. Patricia A. Sullivan, United States Magistrate Judge
UNITED STATES DISTRICT COURT
District of Rhode Island
Federal Building and Courthouse
Two Exchange Terrace
Providence, RI 02903
(401) 752-7200

**4. Date by Which Requesting Authority Requires Response by the Letter of Request**

This Court requests receipt of a response to this request as soon as reasonably practicable,

consistent with your calendar and the laws of the United Kingdom. This Court notes, however,

that discovery for the underlying matter is scheduled to close on November 3, 2025 (with fact

depositions set to close on September 30, 2025 and document production to complete on

September 15, 2025) and kindly requests a response by August 1, 2025 in order to give the

Parties' ample time to review any produced documents in advance of testimony and schedule the

deposition on a mutually agreed upon date.

**In Conformity with Article 3 of the Convention, the Undersigned Applicant has the Honor to Submit the Following Request**

5. **Background Information**

a. **Requesting Judicial Authority**

United States District Court for the District of Rhode Island
Federal Building and Courthouse
1 Exchange Terrace
Providence, RI 02903
(401) 752-7200

b. **To the Competent Authority of**

The United Kingdom

c. **Case Name and Number**

Conservation Law Foundation, Inc. v. Equilon Enterprises LLC d/b/a Shell Oil Products US et al., Case No: 1:17-cv-00396-WES-LDA

d. **Plaintiff:**

Conservation Law Foundation
62 Summer Street
Boston, MA 02110

**Plaintiff's Counsel:**

Christopher M. Kilian
Kenneth J. Rumelt
Anna Tadio
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
(802) 622-3020
(802) 223-5992
ckilian@clf.org
krumelt@clf.org

James Crowley

Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
(401) 228-1905
jcrowley@clf.org

Ana McMonigle, Esq.
Conservation Law Foundation, Inc.
195 Church Street
Mezzanine Level, Suite B
New Haven, CT 06510
(203) 298-7692
amcmonigle@clf.org

Vincent Greene
Motley Rice LLC
40 Westminster Street, 5th Floor
Providence, RI 02903
(401) 457-7730
vgreene@motleyrice.com

### e.  Defendant:[1]

Equilon Enterprises LLC d/b/a Shell Oil Products US
1000 M Street, Suite 14268C
Houston, TX 77002

Triton Terminaling LLC
150 N. Dairy Ashford Road
Houston, TX 77079

Motiva Enterprises LLC
One Allen Center
500 Dallas Street, 9th Floor
Houston, TX 77002

**Defense Counsel:**

Douglas A. Henderson
Ryan T. Kearney
King & Spalding
1180 Peachtree Street NE, Suite 1600
Atlanta, GA 30309-3521
(404) 572-4600
dhenderson@kslaw.com

---

[1] Defendants have stated they object to this letter and do not waive any objections despite the Court ruling against these objections.

5

rkearney@kslaw.com

Antonio Lewis
King & Spalding
300 S Tryon Street, Suite 1700
Charlotte, NC 28202
(704) 503-2600
alewis@kslaw.com

Rose J. Hunter Jones
Hilgers Graben PLLC
(678) 229-1983
rjones@hilgersgraben.com

Bina R. Reddy
Beveridge & Diamond, P.C.
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8000
breddy@bdlaw.com

John S. Guttman
Beveridge & Diamond, P.C.
1900 N Street, NW
Washington, D.C. 20036
(202) 789-6020
jguttmann@bdlaw.com

Roy D. Prather, III
Megan L. Moran
Beveridge & Diamond, P.C.
201 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
(410) 230-1300
rprather@bdlaw.com
mmorgan@bdlaw.com

Anthony G. Papetti
Beveridge & Diamond, P.C.
825 Third Avenue 16th Floor
New York, NY 10022
(212) 702-5442
apapetti@bdlaw.com

Robert D. Fine
Chace, Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903

(401) 453-6400
rfine@crfllp.com

6.  **Nature and Purpose of the Proceeding:**

Conservation Law Foundation, Inc. ("CLF") brought this civil action against six entities

within the Shell Group (Shell Oil Products US d/b/a Equilon Enterprises LLC, Shell Oil

Company, Shell Petroleum, Inc., Shell Trading (US) Company, Motiva Enterprises LLC, and

Triton Terminaling LLC) as part of its ongoing effort to protect the environment and human

health in the New England region of the United States. CLF alleges that Shell knows and has

known climate change poses risks to its facilities due to increased rainfall, sea level rise, and

more frequent and damaging storm events. CLF further alleges that Shell knows and has known

those risks are increasing as the planet warms, that Shell has engineering and business processes

that assess and respond to those increased risks due to climate change, and that, despite this,

Shell has not changed its processes for hurricane and storm preparedness and has not updated its

stormwater management systems at specific coastal industrial sites, including the one at issue in

this lawsuit, the Providence Terminal located at 520 Allens Avenue, Providence RI.

Former Shell Global Solutions employee Alison Brown ("Dr. Brown") previously served

on the Metocean Team at Shell Global Solutions and authored a series of documents from 2012,

at least, to 2018 regarding reducing the impact of climate change hazards on Shell operations and

assets. As a result, Dr. Brown has personal knowledge of issues central to the litigation.

7.  **Evidence to be obtained:**

I.    **Request for Documents –**

The evidence to be obtained, in addition to deposition testimony outlined below, consists

of various documents within Dr. Brown's care, custody, and control, listed on the attached

Schedule A, which would be maintained by Dr. Brown at 21 Old Dalmore Drive, Auchendinny,

Penicuik EH26 8PF, Scotland. Specifically, the requests seek documents exchanged between

2017 and 2020 between Dr. Brown and four others (i.e., Ag Stephens (*last known to be Head of Partnerships at the Centre for Environmental Data Analysis*), Ben Rabb (*Technical Director in Climate Risk at JBA Consulting*), Richenda Connell (*last known to be Senior Director at the WTW Climate and Resilience Hub*), and Jon Upton (*Metocean Engineer in Offshore Wind at Shell*)) and with Shell employees relating to an article she wrote in 2019, after her departure from Shell: *Including the Impact of Climate Change in Offshore and Onshore Metocean Design Criteria to Ensure Asset Robustness.* The article discusses the importance of addressing climate change in safeguarding coastal facilities, which would include the Rhode Island facility at issue in the litigation.  This evidence is thus directly relevant to disputed issues in the litigation including, most centrally, Shell's obligation to consider and remediate the known effects of climate change on facilities like Rhode Island's.

Accordingly, it is hereby requested that in the interest of justice that you cause by your usual and proper process, orders to be entered as the UK law permits such that Dr. Brown is directed to produce the documents requested herein in the digital and/or hard copy form. If any of these documents cannot be produced for this Court, we request that you order the documents to be delivered for inspection to a time and place of your choosing.

Additionally, it is hereby requested that Dr. Brown be instructed that, when she is ready to produce requested documents, she shall contact Vincent Greene at the email address or phone number identified in Section 3 above, and Mr. Greene will then provide any necessary email information for delivery of the digital documents or a self-addressed, pre-paid FedEx label for shipping of the hard copy document.

## II.    Oral and Videotaped Deposition –

An oral and videotaped deposition of Dr. Brown is also requested.  The testimony to be obtained covers various topics, described in response to Question 9 below, regarding Dr.

Brown's time with Shell Global Solutions and the various documents she authored on climate change while and subsequent to working at Shell.  As laid out above, her testimony will assist the Court in resolving the disputed issues presented in the civil action before it.  The deposition will be limited to seven (7) hours and recorded by video.

Accordingly, it is hereby requested that in the interest of justice that you cause by your usual and proper process, orders to be entered as UK law permits such that Dr. Brown is directed to appear for examination regarding the topics covered herein.

**8. Identity and address of any person to be examined:**

Alison Brown, 21 Old Dalmore Drive, Auchendinny, Penicuik EH26 8PF, Scotland

**9. Statement of the subject-matter about which they are to be examined:**

Dr. Brown will be examined regarding her knowledge of climate change effects while at Shell, including the risks posed by climate change to Shell's onshore facilities and any interactions she had with others at Shell or in the oil and gas industry regarding this knowledge. Dr. Brown will also be questioned regarding her knowledge, as reflected in Guidelines[2] involving climate change to which she contributed while at Shell and in an article, referenced above, that she authored after departing Shell regarding the need for design changes to address the climate-created risks to Shell's onshore facilities, including its Rhode Island terminal.

**10. Any requirement that the evidence be given on oath or affirmation and any special form to be used:**

Pursuant to Federal Rules of Evidence (FRE) 603, the witness will be required to declare that she will testify truthfully.  Therefore, the witness will be asked to "solemnly swear or affirm that her testimony shall be the truth, the whole truth, and nothing but the truth."

---

[2] The Guidelines include, but are not limited to, "Reducing the Impact of Weather and Climate Hazards on Operations – Guidelines 1 and 2," dated May 2016 and "Metocean Design and Operating Considerations – Guideline for Inclusion of Climate Change Criteria in Metocean Criteria and Associated Adaptation," dated August 2017.

**11. Special methods or procedures to be followed:**

**I.    Requests for special methods:**

When Dr. Brown is ready to produce the requested documents and appear for examination, she shall contact Vincent Greene at the email address or phone number identified in Section 3 above, and Mr. Greene shall then provide any necessary email information for delivery of the digital documents and/or a self-addressed, pre-paid FedEx label for shipment of the hard copy documents.

**II.    Privileges or Immunities and Procedures to be followed:**

a. Attorney-client privilege
b. Attorney work product privilege
c. Bank examination privilege
d. Protections provided under the Bank Secrecy Act, 31 U.S.C. §§ 5311 to 5336
e. Rules 26 and 34 of the Federal Rules of Civil Procedure
f. Rule 45 of the Federal Rules of Civil Procedure, including the avoidance of undue burden
g. Any protections provided by the laws of Scotland.

**12. Fees and costs incurred which are reimbursable under Articles 14 or 26 of the Convention will be borne by:**

Motley Rice LLC
40 Westminster Street, 5th Floor
Providence, RI 02903
(401) 457-7730
vgreene@motleyrice.com

**13. Confidentiality**:

This Court recognizes that it is asking its UK counterpart to order the production of evidence that is potentially confidential, sensitive, or involves trade secrets. Accordingly, appended to this request is a protective order to assure the appropriate UK court and the UK witness that such information will be treated with the utmost respect and confidence.

**14. Reciprocity:**

10

U.S. District courts are authorized by statute, 28 U.S.C. § 1782, to extend similar assistance to the UK courts in civil cases. As such, this Court stands ready and extends to the judicial authorities of the UK the assurances of its highest consideration.

Hon. Patricia A. Sullivan
United States Magistrate Judge
UNITED STATES DISTRICT COURT
District of Rhode Island
Federal Building and Courthouse
Two Exchange Terrace
Providence, RI 02903
(401) 752-7200

DATED: This ___14th__ day of _____July_____, 2025



[Seal of the Court]

Attachments:
        Schedule A
        Protective Order

# SCHEDULE A

### I.     DOCUMENT REQUESTS

1.  Alison Brown shall produce communications within her care, custody, and control between herself and Ag Stephens, Ben Rabb, Richenda Connell, or Jon Upton, regarding the 2019 paper Including the Impact of Climate Change in Offshore and Onshore Metocean Design Criteria to Ensure Asset Robustness, from 2017 to 2020.

2.  Alison Brown shall produce communications within her care, custody, and control, between herself and any @shell.com email address regarding the 2019 paper Including the Impact of Climate Change in Offshore and Onshore Metocean Design Criteria to Ensure Asset Robustness, from 2017 to 2020.

### II.     DEFINITIONS

1.  "Communications" is defined to be synonymous and equal in scope to the usage of similar terms in Federal Rule of Civil Procedure 34(a), including, without limitation, any written, drawn, printed, typed, photographed or other graphic or electronically or computerized recorded data or compilations of any kind of nature prepared or received by, or in the possession, custody or control of the answering party, its agents, servants, employees or other representatives. Originals, drafts and all non-identical copies are separate Communications within the meaning of this term.

2.  "Regarding" means, without limitation, the concepts pertain to, deal with, concern, reflect, record, report, constitute, contain, mention, describe, discuss, analyze, evaluate, estimate, study, survey, project, assess, support, modify, contradict, criticize, summarize, comment, or otherwise involve, in whole or in part.

# ATTACHMENT TO LETTER OF REQUEST FOR DOCUMENT PRODUCTION:

# PROTECTIVE ORDER

Case 1:17-cv-00396-WES-PAS     Document 243     Filed 07/14/25     Page 14 of 37 PageID
#: 9227
Case 1:17-cv-00396-WES-PAS     Document 224-2     Filed 05/23/25     Page 2 of 25 PageID
#: 9256
Case 1:17-cv-00396-WES-LDA     Document 167-1     Filed 12/09/21     Page 2 of 25 PageID #: 3084

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Conservation Law Foundation, Inc., | |
| Plaintiff, | |
| v. | No. 1:17-cv-00396-WES-LDA |
| Shell Oil Products US, Shell Oil Company, Shell Petroleum, Inc., Shell Trading (US) Company, Motiva Enterprises LLC, Triton Terminaling LLC, and Equilon Enterprises LLC, | |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER GOVERNING
## THE PRODUCTION AND EXCHANGE OF DISCOVERY

Upon consideration of the Joint Motion for a Stipulated Protective Order Governing the Production and Exchange of Discovery by Plaintiff Conservation Law Foundation, Inc. and Defendants Shell Oil Products US, Shell Oil Company, Shell Petroleum, Inc., Shell Trading (US) Company, Motiva Enterprises LLC, Triton Terminaling LLC, and Equilon Enterprises LLC ("Defendants") (hereinafter individually referred to as "Party" and collectively referred to as "Parties"), the Court finds that such an order will expedite the exchange of discovery material in the above-captioned matter (the "Litigation") and protect discovery material entitled to be kept confidential.  Therefore, pursuant to Fed. R. Civ. P. 26(c) and L.R. Gen. 102, it is hereby ORDERED that the following provisions shall govern the use and disclosure of documents and information covered by this Protective Order:

- 1 -

Case 1:17-cv-00396-WES-PAS    Document 243    Filed 07/14/25    Page 15 of 37 PageID
#: 10228
Case 1:17-cv-00396-WES-PAS    Document 224-2    Filed 05/23/25    Page 3 of 25 PageID
#: 9257
Case 1:17-cv-00396-WES-PAS    Document 66-1    Filed 12/09/21    Page 2 of 25 PageID #: 3095

1.     **Definitions**

    (a) "Challenging Party": a Party that challenges the designation of information or items under this Protective Order.

    (b) "CONFIDENTIAL Information or Items": information (regardless of how it is generated, stored, or maintained), testimony, or tangible things that are not public and which constitute or contain (i) any personally identifiable information, (ii) information or items protected by a right to privacy under applicable data protection laws or other applicable law, privilege, or right related to confidentiality or privacy; and/or (iii) trade secrets or other non-public confidential commercial information that qualifies for protection under applicable law. CONFIDENTIAL Information or Items does NOT include information that is available to the public, information obtained through freedom of information requests, and information that was in a receiving Party's lawful possession prior to disclosure in this Litigation unless the Party previously received those documents under an obligation of confidentiality.

    (c) "Court": The United States District Court for the District of Rhode Island.

    (d) "Counsel": Outside Counsel or House Counsel (as well as their support staff).

    (e) "Data Controller": a natural or legal person, public authority, agency, or other body which, alone or jointly with others, determines the purposes and means of the processing of Personal Data.

    (f) "Designating Party": a Party or Non-Party that designates information or items produced in disclosures or in response to document requests as "CONFIDENTIAL Information or Items" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    (g) "Discovery Material": all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are provided, produced, or generated in disclosures or in response to document requests in this action.

    (h) "Expert": a person with specialized knowledge or experience in a matter pertinent to this action who (i) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (ii) is not a current employee of a Party or of a Party's Competitor, and (iii) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

    (i) "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items": information that is highly sensitive Confidential Information or Items that constitute proprietary financial, technical, competitive, or commercially sensitive information (including but not limited to trade secrets; recent and future business and marketing plans and activities; recent and future research and development activities; and

- 2 -

Case 1:17-cv-00396-WES-PAS   Document 243   Filed 07/14/25   Page 16 of 37 PageID #: 10229
Case 1:17-cv-00396-WES-PAS   Document 224-2   Filed 05/23/25   Page 4 of 25 PageID #: 9258
Case 1:17-cv-00396-WES-PAS   Document 66   Filed 12/09/21   Page 4 of 25 PageID #: 3306

confidential information relating to any ongoing government investigation or action) that the Designating Party maintains as highly confidential in its business, and related communications, the disclosure of which to a competitor would create a substantial risk of serious competitive or business harm that could not be avoided by less restrictive means. Non-Party information that otherwise meets this definition qualifies for the designation if it is subject to a Nondisclosure Agreement ("NDA") or other contractual provision, unless the Non-Party permits a different designation in writing.

(j) "House Counsel": attorneys (and their staff), including legal secondees, who are employees or contractors of a Party and whose responsibilities include overseeing this action.

(k) "Non-Party": any natural person, partnership, corporation, association, or other legal entity not named as a Party in this action.

(l) "Outside Counsel": attorneys (and their support staff) who are not employees of a Party but are representing or advising a Party.

(m) "Party": any party to this action, including all of its officers, directors, and employees whose current or past responsibilities pertain to the claims or defenses in this action.

(n) "Party's Competitor": any natural person, partnership, corporation, association, or other legal entity engaged in the same or similar line of business as a Party.

(o) "Personal Data": any information relating to an identified or identifiable individual that is not public record.

(p) "Privileged Material": information (regardless of how it is generated, stored, or maintained), testimony, or tangible things that are not public and which are subject to a claim of privilege as the term "privilege" is used in the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

(q) "Producing Party": a Party or Non-Party that produces or provides Discovery Material in this action.

(r) "Professional Vendors": persons or entities that provide litigation support services to a Party or Non-Party in this action (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstratives, and processing, storing, retrieving, or preparing Discovery Material for production or in preparation for trial) and their employees, contractors, and subcontractors providing, or assisting in providing, such services.

(s) "Receiving Party": a Party or its Counsel that receives Discovery Material from a Producing Party as authorized under this Protective Order or a secondary recipient that receives Discovery Material from a Receiving Party as authorized under this Protective Order.

Case 1:17-cv-00396-WES-PAS    Document 243    Filed 07/14/25    Page 17 of 37 PageID
#: 19230
Case 1:17-cv-00396-WES-PAS    Document 224-2    Filed 05/23/25    Page 5 of 25 PageID
#: 9259
Case 1:17-cv-00396-WES-PAS    Document 66-1    Filed 12/07/21    Page 5 of 25 PageID #: 3017

**2.    Materials and Information Covered by This Order**

(a)    All materials produced or adduced during discovery in this case shall be subject to this Order concerning CONFIDENTIAL Information or Items as defined above.

(b)    Documents or other materials, or any portions thereof, may be designated as CONFIDENTIAL Information or Items by stamping, attaching, or writing "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the documents or materials at or before production.

 (i) Stamping, attaching, or writing "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the cover of any multipage document does NOT designate all pages of the document as CONFIDENTIAL Information or Items. Rather, such designation solely applies to the specific pages or excerpts of identified documents and materials.

 (ii) Where only portions of documents or other materials are CONFIDENTIAL Information or Items, a Party shall designate the parts of those documents or materials for which confidentiality is claimed, and only those parts shall be subject to this Order.

 (iii) To the extent practicable and as set forth in the ESI protocol for this action, the appropriate confidentiality designation for all CONFIDENTIAL Information or Items produced in electronic form shall be included in a metadata field with the corresponding production load file (i.e., DAT file).

    (c)    Depositions or other pre-trial testimony may be designated as containing CONFIDENTIAL Information or Items by notifying Counsel for all other parties in writing within forty-five (45) days after the deposition or other pre-trial testimony.

    (i)    The legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be affixed to the first page of any transcript containing Confidential Material, including both original transcripts and copies of the transcript.

    (ii)    The "CONFIDENTIAL" portion of each transcript shall be identified by page and line on the transcript or on a separate record. Only those portions of each transcript designated as "CONFIDENTIAL Information or Items" in this action shall be deemed CONFIDENTIAL Information or Items. A Party may NOT designate an entire deposition as being CONFIDENTIAL Information or Items.

    (iii)   All transcripts of depositions or other pre-trial testimony shall be deemed to be CONFIDENTIAL Information or Items until forty-five (45) days after the deposition or pre-trial testimony.

    (d)    Interrogatory responses may be designated as containing CONFIDENTIAL Information or Items by identifying, in the interrogatory response, the portion of the response containing CONFIDENTIAL Information or Items. Only the portions of those interrogatory responses designated as "CONFIDENTIAL" in this action shall be deemed CONFIDENTIAL Information or Items.

    (e)    Inadvertent failure to designate documents or other materials as CONFIDENTIAL Information or Items before or at the time of production or disclosure shall not operate to waive

Case 1:17-cv-00396-WES-PAS    Document 243    Filed 07/14/25    Page 19 of 37 PageID
Case 1:17-cv-00396-WES-PAS    Document 228-2    Filed 05/23/25    Page 7 of 25 PageID
#: 9261
Case 1:17-cv-00396-WES-PAS    Document 66-1    Filed 12/09/21    Page 6 of 25 PageID #: 3079
#: 9282

the right to later seek an order of the Court designating such documents or materials as CONFIDENTIAL Information or Items.

(f)    A Party that receives CONFIDENTIAL Information or Items may request clarification regarding which of the categories set forth in Paragraph 1(b) apply to the CONFIDENTIAL Information or Items, provided such request may be made only when the applicable categories are not apparent after a review of the document.

**3.    Access to, Use, and Disclosure of CONFIDENTIAL Information or Items**

(a)    CONFIDENTIAL Information or Items may be disclosed only to the categories of persons and under the conditions described in this Protective Order. CONFIDENTIAL Information or Items must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. Receiving Parties shall take all due precautions to prevent the unauthorized or inadvertent disclosure of CONFIDENTIAL Information or Items. Unless otherwise ordered by a court, administrative agency, or other governmental or regulatory body of competent jurisdiction, or as otherwise provided in this Order, CONFIDENTIAL Information or Items received by a Party during the course of this Litigation may be used only in connection with the prosecution or defense of this Litigation.

(b)    Except upon the prior written consent of the Producing Party, or as otherwise expressly provided by the Court in this Order or separate order, CONFIDENTIAL Information or Items may be disclosed only to the following persons:

     (i)    the Receiving Party's Counsel;

     (ii)    the officers, directors, and employees of the Receiving Party to whom

         disclosure is reasonably necessary for prosecution or defense of this Litigation;

Case 1:17-cv-00396-WES-PAS    Document 243    Filed 07/14/25    Page 20 of 37 PageID
#: 10233
Case 1:17-cv-00396-WES-PAS    Document 224-2    Filed 05/23/25    Page 8 of 25 PageID
#: 9262
Case 1:17-cv-00396-WES-PAS    Document 66-1    Filed 12/07/21    Page 7 of 25 PageID #: 3080

(iii)   the Court and its personnel (including any special masters or mediators and
their support staff);

(iv)   third-party mediators (and their support staff) as is reasonably necessary to
facilitate a mediated settlement discussion;

(v)   Experts of the Receiving Party to whom disclosure is reasonably necessary
for the defense or prosecution of this Litigation and who have signed the
Confidentiality Undertaking attached hereto as Exhibit A;

(vi)   court reporters and their staff, professional jury or trial consultants, and
Professional Vendors who have signed the Confidentiality Undertaking;

(vii) the   author,   recipient,   or   custodian   of   a   document   containing
CONFIDENTIAL Information or Items (and, for separately represented
witnesses or deponents, their counsel) to whom disclosure is reasonably
necessary for the prosecution or defense of this Litigation;

(viii) if not already included in subsection (vii) immediately above, deponents
(and, for separately represented deponents, their counsel) during their
depositions to whom disclosure is reasonably necessary for the prosecution or
defense of this Litigation and who have signed the Confidentiality Undertaking;
and,

(ix)   mock jury participants who have signed the Confidentiality Undertaking.

(c)      Before disclosure of any CONFIDENTIAL Information or Items is made to any
person described in Section 3(b)(iv)-(ix) such person shall sign the Confidentiality Undertaking
attached hereto as Exhibit A. Unless otherwise ordered by the Court, in the event that any such
person refuses to sign the Confidentiality Undertaking with respect to Discovery Material

Case 1:17-cv-00396-WES-PAS     Document 243     Filed 07/14/25     Page 21 of 37 PageID
#: 9263
Case 1:17-cv-00396-WES-PAS     Document 234     Filed 05/23/25     Page 9 of 25 PageID
#: 9263
Case 1:17-cv-00396-WES-PAS     Document 167     Filed 12/07/21     Page 9 of 25 PageID #: 3061

designated to be within the scope of paragraph 1(b), no CONFIDENTIAL Information or Items

may be disclosed to such person except with the prior written consent of the Party that originally

produced the CONFIDENTIAL Information or Items and subject to any procedures that the

Producing Party may require to maintain the confidentiality of such CONFIDENTIAL Information

or Items.

(d)     Counsel shall retain Confidentiality Undertaking forms until such time as this

Litigation, including all appeals, is concluded.

(e)     No copies of CONFIDENTIAL Information or Items shall be made except to the

extent necessary for the preparation and conduct of the Litigation, including any appeals. Any

person responsible for making such copies must ensure that the copies include the label of

"CONFIDENTIAL."

(f)     Except upon the prior written consent of the Producing Party, or as otherwise

expressly provided by the Court in this Order or separate order, HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY Information or Items shall only be disclosed in the following

manner:

>     (i)     A Receiving Party may disclose HIGHLY CONFIDENTIAL –
>     ATTORNEYS' EYES ONLY Information or Items to the Receiving Party's
>     Outside Counsel and/or Professional Vendors.
>
>     (ii)     A Receiving Party may disclose HIGHLY CONFIDENTIAL –
>     ATTORNEYS' EYES ONLY Information or Items to a witness or prospective
>     witness only for purposes of testimony or preparation of testimony in this
>     Litigation, whether at trial, hearing, or deposition, but it may not be retained by
>     the witness or prospective witness.  Before the material is disclosed for this

Case 1:17-cv-00396-WES-PAS    Document 243    Filed 07/14/25    Page 22 of 37 PageID
#: 10235
Case 1:17-cv-00396-WES-PAS    Document 224-2    Filed 05/23/25    Page 10 of 25 PageID
#: 9264
Case 1:17-cv-00396-WES-PAS    Document 66-1    Filed 12/09/21    Page 9 of 25 PageID #: 3082

purpose, the Receiving Party must first provide notice to the affected Designating Party that identifies the witness and confirms that the witness has signed the Confidentiality Undertaking.

(iii)   A Receiving Party may disclose HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items to an Expert only for the purpose of obtaining the Expert's assistance in this Litigation.   Before the material is disclosed for this purpose, the Receiving Party must first provide notice to the affected Designating Party that identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items that the Receiving Party intends to disclose to an Expert and confirms that the Expert receiving such information has signed the Confidentiality Undertaking.

(g)   No Other Disclosures: Any person receiving CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items shall not reveal or discuss such information to or with any person except as expressly permitted by the terms of this Protective Order. Nothing in this Protective Order is intended to impede the provision of legal advice by Counsel to its client as necessary for its representation.

4.    **Reservation of Rights – Additional Protections**

Nothing in this Protective Order shall be construed as prejudicing any Producing Party's right to seek an agreement or court order providing greater protection than that provided for herein for such material if and when this material is to be provided.

5.    **Inadvertent or Unauthorized Disclosure of CONFIDENTIAL Information or Items or Privileged Material**

(a)    Unauthorized Disclosure by a Receiving Party: If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed a Designating Party's CONFIDENTIAL Information or Items, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items, or Privileged Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately:

(i)    notify in writing the Designating Party of the unauthorized disclosures,

(ii)    use its best efforts to retrieve or destroy all unauthorized disseminated copies of the CONFIDENTIAL Information or Items, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items, or Privileged Material,

(iii)    inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and

(iv)    request such person or persons to execute the Confidentiality Undertaking.

(b)    Unauthorized Access/Data Breach: If a Receiving Party learns that a Designating Party's CONFIDENTIAL Information or Items, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items, or Privileged Material has been accessed other than by

Case 1:17-cv-00396-WES-PAS    Document 243    Filed 07/14/25    Page 24 of 37 PageID
#: 10237
Case 1:17-cv-00396-WES-PAS    Document 224-2    Filed 05/23/25    Page 12 of 25 PageID
#: 9266
Case 1:17-cv-00396-WES-PAS    Document 167    Filed 12/09/21    Page 12 of 25 PageID #: 3084

disclosure by the Receiving Party to any person or in any circumstance not authorized under this

Protective Order (e.g., "hacked"), the Receiving Party must immediately:

> (i) notify in writing the Designating Party of the unauthorized access or
>
> disclosure,
>
> (ii) investigate and report to the Receiving Party the scope of and circumstances
>
> of the unauthorized access or disclosure as it relates to the Designating Party's
>
> CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL –
>
> ATTORNEYS' EYES ONLY Information or Items;
>
> (iii) take immediate and reasonable steps to rectify the unauthorized access or
>
> disclosure, including by instituting additional security measures to prevent any
>
> further access or disclosure, and
>
> (iv) comply with all obligations under applicable laws relating to unauthorized
>
> access or disclosure, including security breach notification laws and applicable
>
> data protection laws.

**6.      Privileged Material**

(a)    Clawback Procedure

> (i)    If a Receiving Party reasonably suspects that it has received Privileged
>
> Material, the Receiving Party must refrain from further use or examination of
>
> the documents that may be privileged, and shall immediately notify the
>
> Producing Party, in writing, that the Receiving Party possesses material that
>
> appears to be privileged.
>
> (ii)    In the event a Producing Party discovers it has disclosed Privileged
>
> Material, the Producing Party may provide clawback notice to the other Parties

advising of the disclosure and requesting return or destruction of the Privileged Material.

(iii)    If a Receiving Party receives a clawback notice, it shall make no further use or examination of the Privileged Material and shall immediately take reasonable efforts to segregate it in a manner that will prevent further disclosure or dissemination of its contents, and, within fourteen (14) days of receiving such notice of production of Privileged Material, the Receiving Party shall take reasonable efforts to: (1) sequester, destroy, or return all reasonably accessible documents identified by the Producing Party in such notice; (2), destroy or delete all reasonably accessible copies of such documents; and (3) expunge from any other reasonably accessible document, information or material derived from the produced Privileged Material, including testimony concerning the Privileged Material.

(iv)    To the extent the Receiving Party provided any clawed-back Privileged Material to a secondary recipient as authorized under this Protective Order, the Receiving Party shall promptly make reasonable efforts to retrieve and return or destroy such clawed-back Privileged Material and notify the Producing Party that it has done so.

(v)    If the Receiving Party has any notes or other work product reflecting the contents of the Privileged Material, the Receiving Party will sequester and not review or use those materials (except for challenges to the clawback notice as provided in paragraph 6(c)) unless a court later designates the Privileged Material as not privileged or protected, and after the completion and exhaustion

- 12 -

Case 1:17-cv-00396-WES-PAS    Document 243    Filed 07/14/25    Page 26 of 37 PageID
#: 10239
Case 1:17-cv-00396-WES-PAS    Document 222-2    Filed 05/23/25    Page 14 of 25 PageID
#: 9268
Case 1:17-cv-00396-WES-PAS    Document 66-1    Filed 12/09/21    Page 14 of 25 PageID #: 3086

of all appeals, rehearings, or reviews of the court ruling, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

(vi)  Privileged Material that is not reasonably accessible because of undue burden or cost is considered to be sequestered.

(b)    Clawback Log: Any Producing Party that claws back Privileged Material will provide Receiving Parties with a privilege log that reasonably identifies the basis for the assertion of privilege or protection over the clawed-back documents.

(c)    If the Receiving Party objects to the designation of inadvertently produced documents as privileged, it must make a good faith effort to resolve any such objection with the Producing Party.

(i)    The Parties shall complete a meet-and-confer to resolve objections within fourteen (14) days of the Receiving Party's receipt of the clawback notice from the Producing Party.  The meet-and-confer period may be extended by agreement of the Parties.

(ii)    If the Parties fail to reach agreement, the Receiving Party may move for an order from this Court vacating the designation within fourteen (14) days of the conclusion of the meet-and-confer conference. The Receiving Party may not assert as a ground for compelling production the fact or circumstance that the Privileged Material has already been produced. The Requesting Party may, however, argue that, where applicable, the privilege has been waived by production of the same information in other versions not subject to the clawback.

- 13 -

Case 1:17-cv-00396-WES-PAS    Document 243    Filed 07/14/25    Page 27 of 37 PageID
#: 10240
Case 1:17-cv-00396-WES-PAS    Document 224-2    Filed 05/23/25    Page 15 of 25 PageID
#: 9269
Case 1:17-cv-00396-WES-PAS    Document 66-1    Filed 12/07/21    Page 15 of 25 PageID #: 3087

    (iii)  Any response to the motion shall be filed within seven (7) days. Any such

motion or response shall be no longer than 10 pages.

    (iv)  The Party asserting a privilege or protection bears the burden to provide

information regarding the content and context of the Privileged Material

sufficient to establish the applicability of any asserted privilege or prohibition

from discovery.

    (v)  If a timely motion vacating the designation is filed, the deadlines for the

Receiving Party to destroy or return the disputed documents and to confirm

such destruction or return are suspended pending resolution by the Court. The

Receiving Party may not use or disclose any disputed materials until the claim

is resolved, except that such materials may be submitted under seal with the

Court in connection with a motion to vacate the designation.

**7.    Challenges by a Party to Designation as CONFIDENTIAL Information or Items**

    (a)    The designation of any material or document as CONFIDENTIAL Information or

Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items is

subject to challenge by any Party, through the following procedure:

    (i)    Meet and Confer. A Party must begin the process by conferring directly

with Counsel for the Designating Party and explain in writing the basis for its

belief that the confidentiality designation was not proper. The challenging Party

must then give the Designating Party the opportunity to review the designated

material and either reconsider the designation or explain in writing its basis for

the designation. The Designating Party must respond to the challenge, in

writing, within five (5) business days of receipt of the written challenge.  The

Designating Party shall be permitted reasonable extensions of time to respond or agree to a set number of rolling responses where the number of challenged designations is voluminous.

(ii)     Judicial Intervention. A Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of persuasion in any such challenge shall be on the Designating Party. Until the Court rules on the challenge, all Parties shall continue to treat the materials as CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items under the terms of this Order.

**8.      Filing of CONFIDENTIAL Information or Items**

Prior to trial, if any Party intends to submit a filing to the Court that sets forth or attaches CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items, that Party shall move to file such papers under seal in accordance with L.R. Gen. 102.

**9.      Use of CONFIDENTIAL Information or Items at Trial**

Nothing in this Order shall be construed as limiting the right of either Party to introduce CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items into evidence at trial, subject to the Rules of Evidence, Local Rules, and such privacy protections as the presiding Judge may deem appropriate. Either Party may approach the Court before trial to propose a plan for the use of CONFIDENTIAL Information or

Case 1:17-cv-00396-WES-PAS    Document 243    Filed 07/14/25    Page 29 of 37 PageID
#: 10242
Case 1:17-cv-00396-WES-PAS    Document 224-2    Filed 05/23/25    Page 17 of 25 PageID
#: 9271
Case 1:17-cv-00396-WES-PAS    Document 167-1    Filed 12/09/21    Page 16 of 25 PageID #: 3089

Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items at trial.
Nothing herein, however, shall prevent a Party from opposing any such plan.

**10.    CONFIDENTIAL Information or Items Subpoenaed or Ordered Produced in Other
Litigation**

(a)    If a Receiving Party is served with a subpoena or a court order issued in other
litigation that compels disclosure of a Designating Party's CONFIDENTIAL Information or Items
or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items, the
Receiving Party must:

> (i)    promptly notify in writing the Designating Party and provide a copy of the
> subpoena or court order;
>
> (ii)    promptly notify in writing the party that issued the subpoena that some or
> all of the material covered by the subpoena is subject to this Protective Order
> and provide a copy of this Protective Order; and
>
> (iii)    cooperate with respect to all reasonable procedures sought to be pursued by
> the Designating Party whose CONFIDENTIAL Information or Items or
> HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or
> Items is the subject of the subpoena or order.

(b)    If the Designating Party timely seeks a protective order, the Party served with the
subpoena or court order shall not produce the requested CONFIDENTIAL Information or Items
or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items before a
determination by the court from which the subpoena or order issued, unless the subpoenaed Party
has obtained the Designating Party's permission. The Designating Party shall bear the burden and
expense of seeking protection in that court of the CONFIDENTIAL Information or Items or

Case 1:17-cv-00396-WES-PAS    Document 243    Filed 07/14/25    Page 30 of 37 PageID #: 10243
Case 1:17-cv-00396-WES-PAS    Document 224-2    Filed 05/23/25    Page 18 of 25 PageID #: 9272
Case 1:17-cv-00396-WES-PAS    Document 66-1    Filed 12/07/21    Page 18 of 25 PageID #: 3090

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

**11.    A Non-Party's CONFIDENTIAL Information or Items Sought to Be Produced in This Litigation**

(a)    Non-Party Productions. The terms of this Protective Order are applicable to information produced by a Non-Party and designated as CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    Production by Party of Non-Party CONFIDENTIAL Information or Items. In the event that a Party is required, by a discovery request or disclosure obligation, to produce a Non-Party's CONFIDENTIAL Information or Items in the Party's possession, and the Party is subject to an NDA or other contractual confidentiality agreement with the Non-Party not to produce the Non-Party's CONFIDENTIAL Information or Items, then the Party shall:

(i)    promptly notify in writing the Requesting Party and the Non-Party that CONFIDENTIAL Information or Items has been sought and is or may be subject to an NDA or other confidentiality agreement with a Non-Party;

(ii)    promptly provide the Non-Party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii)    make the CONFIDENTIAL Information or Items requested available for inspection by the Non-Party.

Case 1:17-cv-00396-WES-PAS    Document 243    Filed 07/14/25    Page 31 of 37 PageID
#: 10244
Case 1:17-cv-00396-WES-PAS    Document 224-2    Filed 05/23/25    Page 19 of 25 PageID
#: 9273
Case 1:17-cv-00396-WES-PAS    Document 66-1    Filed 12/09/21    Page 19 of 25 PageID #: 3051

     (c)     If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's CONFIDENTIAL Information or Items responsive to the discovery request and may designate it as CONFIDENTIAL Information or Items under this Protective Order. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any of the Non-Party's CONFIDENTIAL Information or Items before a determination by the Court or permission from the Non-Party.

**12.     Protective Order Not to Be Construed As a Waiver**

     (a)     Each Party reserves the right to move to modify the terms of this Protective Order at any time.

     (b)     By stipulating to this Protective Order, no Party hereto shall be deemed to have waived its right to seek a protective order with respect to any documents or information, regardless of whether such documents or information fall within the scope of this Protective Order, and each Party reserves the right to oppose any motion to modify the terms of this Protective Order.

     (c)     Nothing in this Protective Order is intended to constitute an agreement regarding the scope of discovery.

     (d)     This Protective Order does not constitute a ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute a ruling on any potential objection to the discoverability, relevance, or admissibility of any documents or other material sought in discovery, and the Parties reserve their right to object to discovery on any appropriate ground.

Case 1:17-cv-00396-WES-PAS    Document 243    Filed 07/14/25    Page 32 of 37 PageID #: 10245
Case 1:17-cv-00396-WES-PAS    Document 224-2    Filed 05/23/25    Page 20 of 25 PageID #: 9274
Case 1:17-cv-00396-WES-PAS    Document 66-1    Filed 12/07/21    Page 20 of 25 PageID #: 3062

**13.    Miscellaneous Provisions**

(a)    For purposes of computing any period of time under this Protective Order, the provisions of <u>Fed. R. Civ. P. 6</u> shall apply.

(b)    Nothing in this Protective Order shall prevent disclosure as required by law or compelled by order of any court.

(c)    Nothing in this Protective Order shall be construed to confer rights on any third party.

(d)    Nothing in this Protective Order shall be construed to permit the disclosure of information that is prohibited by statute.

(e)    Notwithstanding other provisions of this Protective Order (including Section 14, below), Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts of the trial, depositions, or hearings, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items. Any such archival copies that contain or constitute CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items remain subject to this Protective Order. Nothing in this paragraph shall be construed to require a Receiving Party to destroy CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items retained as back-up or to require the Receiving Party to take unreasonably expensive or burdensome measures to effectuate the destruction of CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items.

Case 1:17-cv-00396-WES-PAS    Document 243    Filed 07/14/25    Page 33 of 37 PageID #: 10246
Case 1:17-cv-00396-WES-PAS    Document 224-2    Filed 05/23/25    Page 21 of 25 PageID #: 9275
Case 1:17-cv-00396-WES-PAS    Document 66-1    Filed 12/09/21    Page 21 of 25 PageID #: 3093

14. **Termination of Litigation**

(a)     The provisions of this Protective Order shall continue to be binding after final termination of this Litigation.

(b)     Except as provided in Paragraph 13(e), within forty-five (45) days after final conclusion of all aspects of this Litigation, including any appeals, any Party or person who received CONFIDENTIAL Information or Items must destroy those documents and materials, as well as the portions of all other material containing CONFIDENTIAL Information or Items prepared in connection with this Litigation.

15. **Producing Parties' Reliance on Protective Order**

Production of CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items will be made in express reliance upon the terms of this Protective Order.

16. **Consent to Jurisdiction**

Receiving Parties and those that have signed the Confidentiality Undertaking hereby agree to subject themselves to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

17. **Additional Parties**

The terms of this Protective Order shall be binding upon all current and future Parties to the Litigation and their Counsel.

18. **Use of Own Information**

Nothing in this Protective Order shall impose any restriction on the use of or disclosure by a Party of its own information; nor shall this Protective Order be construed to prevent a Party from disclosing a document containing CONFIDENTIAL Information or Items or HIGHLY

Case 1:17-cv-00396-WES-PAS     Document 243     Filed 07/14/25     Page 34 of 37 PageID #: 10247
Case 1:17-cv-00396-WES-PAS     Document 224-2     Filed 05/23/25     Page 22 of 25 PageID #: 9276
Case 1:17-cv-00396-WES-PAS     Document 667-1     Filed 12/09/21     Page 22 of 25 PageID #: 31084

CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items to any person whom the document clearly identifies as an author, addressee, or carbon copy recipient of such document.

**19.     Binding on Parties**

Execution of this Protective Order by Counsel shall constitute a representation by Counsel that they, all persons employed by their firm who have access to CONFIDENTIAL Information or Items or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items, and the Party(ies) they represent will abide by the terms of this Protective Order and will subject themselves to the jurisdiction of this Court for purposes of enforcement and disciplinary action.

AGREED TO BY:

/s/ Alexandra St. Pierre
Alexandra St. Pierre, Esq.*
Ian Coghill, Esq.*
Conservation Law Foundation, Inc.
62 Summer Street
Boston, MA 02110
(617) 850-1732
Fax (617) 350-4030
aestpierre@clf.org
icoghill@clf.org

James Crowley, Esq.
RI Bar # 9405
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
(401) 228-1905
Fax (401) 351-1130
jcrowely@clf.org

Christopher M. Kilian, Esq.*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602

/s/ John S. Guttmann
John S. Guttmann (admitted *pro hac vice*)
Bina R. Reddy (admitted *pro hac vice*)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW
Washington, DC 20036
(202) 789-6020
jguttmann@bdlaw.com
breddy@bdlaw.com

Robert D. Fine (2447)
Chace, Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
(401) 453-6400
rfine@crfllp.com

*Attorneys for Defendants*

Case 1:17-cv-00396-WES-PAS    Document 243    Filed 07/14/25    Page 35 of 37 PageID
#: 10248
Case 1:17-cv-00396-WES-PAS    Document 2242    Filed 05/23/25    Page 23 of 25 PageID
#: 9277
Case 1:17-cv-00396-WES-PAS    Document 1671    Filed 12/09/21    Page 23 of 25 PageID #: 3095

(802) 223-5992 x4015
ckilian@clf.org

Allan Kanner, Esq.*
Elizabeth B. Petersen, Esq.*
Allison S. Brouk, Esq.*
Kanner & Whiteley, LLC
701 Camp Street
New Orleans, LA 70130
(504) 524-5777
a.kanner@kanner-law.com
e.petersen@kanner-law.com
a.brouk@kanner-law.com

*Attorneys for Plaintiff*
*Admitted Pro Hac Vice*

ORDERED this 9th day December, 2021.

_Hon. William E. Smith_

Case 1:17-cv-00396-WES-PAS    Document 243    Filed 07/14/25    Page 36 of 37 PageID
#: 10249
Case 1:17-cv-00396-WES-PAS    Document 242    Filed 05/23/25    Page 24 of 25 PageID
#: 9278

Case 1:17-cv-00396-WES-LDA    Document 167    Filed 12/07/21    Page 24 of 25 PageID #: 3296

# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Conservation Law Foundation, Inc.,<br><br>    Plaintiff,<br><br>    v.<br><br>Shell Oil Products US,<br>Shell Oil Company,<br>Shell Petroleum, Inc.,<br>Shell Trading (US) Company,<br>Motiva Enterprises LLC,<br>Triton Terminaling LLC, and<br>Equilon Enterprises LLC,<br><br>    Defendants. | No. 1:17-cv-00396-WES-LDA |

### **CONFIDENTIALITY UNDERTAKING**

I hereby certify that: (i) I have read the protective order that has been entered by the Court in the above-captioned matter on [DATE] ("Protective Order"), and I understand its terms; (ii) I understand that CONFIDENTIAL Information or Items subject to the terms of the Protective Order are being provided to me pursuant to the terms of the Protective Order; (iii) I agree to be fully bound by the provisions of the Protective Order, including its provisions restricting disclosure of CONFIDENTIAL Information or Items under the Protective Order and limiting the use of such material; (iv) I hereby submit to the jurisdiction of the United States District Court for the District of Rhode Island for purposes of enforcement of the Protective Order; and (v) I understand that violation of the Protective Order may be punishable by contempt of Court and may be subject to such further relief as the Court may order.

Case 1:17-cv-00396-WES-PAS   Document 243   Filed 07/14/25   Page 37 of 37 PageID #: 10250
Case 1:17-cv-00396-WES-PAS   Document 224-2   Filed 05/23/25   Page 25 of 25 PageID #: 9279
Case 1:17-cv-00396-WES-PAS   Document 66-1   Filed 12/07/21   Page 25 of 25 PageID #: 3097

Dated:_____     Signature:_____
                                    Print name:_____