**UNITED STATES DISTRICT COURT  FOR THE**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| Conservation Law Foundation, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Equilon Enterprises LLC d/b/a Shell Oil Products US, <br> Shell Oil Company, <br> Shell Petroleum, Inc., <br> Shell Trading (US) Company, <br> Motiva Enterprises LLC, and <br> Triton Terminaling LLC <br><br> Defendants. | C.A. No. 1:17-cv-00396-WES-PAS <br><br><br> August 20, 2025 |

**DEFENDANTS' OPPOSITION TO CONSERVATION LAW FOUNDATIONS'**
**MOTION TO AMEND COURT-ISSUED LETTER ROGATORY (ECF NO. 243)**
**TO EXTEND THE DATE FOR COMPLIANCE AND UPDATE SERVICE ADDRESS ONLY**

Defendants Equilon Enterprises LLC d/b/a Shell Oil Products US, Shell Oil Company, Shell

Petroleum, Inc., Shell Trading (US) Company, Motiva Enterprises LLC, and Triton Terminaling LLC

(collectively, "Defendants") oppose Plaintiff Conservation Law Foundation's ("Plaintiff's") Motion

(ECF No. 259) to Amend the Court-issued Letter Rogatory to Extend the Date for Compliance from

August 1, 2025 to December 1, 2025.[1]

This case—**filed eight years ago**—has already consumed extraordinary discovery resources.  In

May 2025, to "effectuate effective administration of this matter," Magistrate Judge Sullivan ordered the

parties to meet and confer on a joint proposed "Final Case Management Order."  *See* Text Order (dated

May 16, 2025).  On June 23, 2025, the Court entered the parties' negotiated Second Case Management

Order ("Second CMO") setting firm discovery deadlines, including (i) **September 30, 2025** for the

completion of fact witness depositions, and (ii) **November 3, 2025** for the close of all fact discovery.

---

[1] Defendants are not opposing Plaintiff's Motion to the extent it seeks to amend the service address in the Letter Rogatory.

ECF No. 235.  Despite its agreement on the current scheduling order, Plaintiff now seeks a **4-month extension** of the deadline for compliance with its Letter Rogatory.  Granting this requested lengthy extension of the compliance deadline to December 1, 2025—well after the current deadline for fact witness depositions and the scheduled close of fact discovery—will jeopardize the rest of the case schedule.  Further, Plaintiff offers no good cause under Federal Rule of Civil Procedure 16(b)(4) for such a lengthy extension of the compliance deadline, nor any explanation about why Plaintiff did not consider the time requirements for deposing Ms. Brown when Plaintiff agreed to the deadlines in the current scheduling order.  To ensure that discovery concludes on time, the Court should not extend the deadline for completing fact depositions beyond September 30, 2025, which is nearly two months beyond the existing deadline for compliance in the Letters Rogatory.  An extension to September 30, 2025 would Plaintiff more time while also protecting the rest of the deadlines in the case from disruption.

## I.    ARGUMENT

Allowing Plaintiff to push the Letter Rogatory compliance deadline by four months is unjustified and unnecessarily risks additional delays to the discovery process.  With just over two months before the deadline, the parties should be diligently working towards the conclusion of fact discovery.  However, Plaintiff now seeks—without justification—to conduct additional fact discovery well after the current deadline.  An extension of this magnitude at the end of the discovery period will not only delay the close of fact discovery but ultimately impact all other case deadlines.

Plaintiff's proposed Letter Rogatory was originally filed on May 23, 2025—before: (1) the parties submitted their proposed agreed amended CMO on May, 30, 2025, (2) the court ordered June 17, 2025 conference on the proposed CMO, and (3) the Court's June 23, 2025 entry of the Second CMO. *See e.g.*, ECF 228; Text Order (dated June 13, 2025); ECF 235.  Plaintiff nonetheless accepted—and

urged the Court to adopt—the very deadlines it now wants to change. Although Plaintiff currently alleges it is "not seeking an extension of the fact discovery deadline **at this time**," an extension of the deadlines will be required if Plaintiff's request is granted. Extending the compliance deadline to December 1, 2025 would make it impossible to review any produced documents and depose Ms. Brown within the current discovery window. Further, this new compliance deadline falls **after** the deadline for parties to produce expert reports on burden of proof issues and is just **14 days prior** to the deadline for production of expert reports on non-burden of proof issues, which are currently set for November 10, 2025 and December 15, 2025, respectively. As such, this requested extension will result in another amendment to the CMO and further delays—precisely what Rule 16 seeks to avoid.

Plaintiff has not shown any good cause. Rule 16(b)(4) permits modification of the scheduling order only upon a showing of good cause. *See Cruz v. Bristol-Myers Squibb Co.*, 699 F.3d 563, 570 (1st Cir. 2012) ("A scheduling order is not a frivolous piece of paper …."). Nonetheless, the only evidence Plaintiff presents supporting the requested lengthy extension is an informal statement from its process server that a three-month response period is "preferred." *See* ECF 259, Plaintiff's Mtn. at 1-2. Preference is not good cause. The First Circuit has held that this stringent "good cause" standard requires "showing that the deadline **cannot be reasonably met** despite the **diligence of the party seeking the extension**." *Puerto Rico Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorriquena, Inc.*, 319 F.R.D. 65, 69 (D.P.R. 2016) (citing *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004) (internal citations omitted). Notably, Plaintiff also admits that a request for leave to depose Ms. Brown outside the current deadline for depositions may not even be necessary, further undermining its claim that a four-month compliance period is warranted. *Id*. at 2. As such, Plaintiff has not demonstrated, nor can it, that the current deadline will not be met.

Additionally, the Hague Convention does not guarantee any particular response time, and Plaintiff elected to proceed internationally knowing the applicable schedule. Nor did the process for deposing a witness located in Scotland change between May 2025 and today—Plaintiff simply seems not to have taken this into account when it agreed to the scheduling order. Plaintiff's decision to wait until the end of the discovery period to pursue a foreign letter rogatory is not grounds for an extension. Plaintiff only has itself to blame for its choice to wait until the end of the discovery period to conduct this discovery. Courts in this District repeatedly warn that parties who delay discovery bear the risk of non-compliance. *See Wai Feng Trading Co. v. Quick Fitting, Inc.*, 2016 WL 4184014, at *7 (D.R.I. June 14, 2016). Granting the sought four-month extension would only reward Plaintiff's unreasonable delay and encourage future gamesmanship.

Therefore, Plaintiff has failed to demonstrate any good cause for the requested four-month extension of the compliance deadline. At most, the Court should extend the compliance deadline in the Letters Rogatory to the current September 30, 2025 fact deposition deadline, but no further. Certainly, Plaintiff's delay in pursuing Ms. Brown's depositions should not jeopardize the remaining the deadlines in the case schedule.

## II.     CONCLUSION

Defendants respectfully request that the Court deny CLF's motion to amend its Letter Rogatory compliance deadline until December 1, 2025. Defendants instead respectfully request that the extension of the compliance deadline be limited to at most the current September 30, 2025 deadline for the completion of fact depositions.

Dated: August 20, 2025

Respectfully submitted,

*/s/ Douglas A. Henderson*
Douglas A. Henderson (admitted pro hac vice)
Carmen R. Toledo (admitted pro hac vice)
Ryan T. Kearney (admitted pro hac vice)
King & Spalding LLP 1180
Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com
ctoledo@kslaw.com
rkearney@kslaw.com

Antonio E. Lewis (admitted pro hac vice)
King & Spalding LLP 3
00 S Tryon Street Suite 1700
Charlotte, North Carolina 28202
T: (704) 503-2600
alewis@kslaw.com

Drew T. Bell (admitted pro hac vice)
King & Spalding LLP
500 W 2nd St, Suite 1800
Austin, Texas 78701
(512) 457-2000
dbell@kslaw.com

Jennifer Stuhldreher (admitted pro hac vice)
King & Spalding LLP
1100 Louisiana St, Suite
4100 Houston, Texas 77002
(713) 751-3200
jstuhldreher@kslaw.com

Rose J. Jones (admitted pro hac vice)
Hilgers Graben PLLC
1372 Peachtree Street, N.E. 19th Floor
Atlanta, GA 30309
T: (678) 229-1983
rjones@hilgersgraben.com

Robert D. Fine (RI Bar # 2447)
Chace Ruttenberg & Freedman, LP
One Park Row, Suite 300

5

Providence, RI 02903
T: (401) 453-6400
rfine@crfllp.com

Anthony G. Papetti (admitted pro hac vice)
Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
 New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

John S. Guttmann (admitted pro hac vice)
Beveridge & Diamond, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (admitted pro hac vice)
Beveridge & Diamond, P.C.
400 West 15th Street Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

Megan L. Marzec Morgan (admitted pro hac vice)
Roy D. Prather III (admitted pro hac vice)
Beveridge & Diamond, P.C.
201 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: (410) 230-1305
F: (410) 230-1389
mmorgan@bdlaw.com
rprather@bdlaw.com

***Counsel for Defendants***

6

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2025, the foregoing was filed through the Court's electronic filing system ("ECF"), by which means the document is available for viewing and downloading from the ECF system and a copy of the filing will be sent electronically to all parties registered with the ECF system.

*/s/ Douglas A. Henderson*
Douglas A. Henderson (phv05547)
King & Spalding LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com
