UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CONSERVATION LAW FOUNDATION, INC.,

*Plaintiff*,

v.

EQUILON ENTERPRISES LLC (d/b/a SHELL OIL PRODUCTS US), SHELL OIL COMPANY, SHELL PETROLEUM, INC., SHELL TRADING (US) COMPANY, MOTIVA ENTERPRISES LLC, TRITON TERMINALING LLC, and EQUILON ENTERPRISES LLC,

*Defendants*.

C.A. No. 1:17-cv-00396-WES-PAS

**JOINT STATUS REPORT**

Plaintiff Conservation Law Foundation, Inc. ("CLF") and Defendants Shell USA, Inc. f/k/a Shell Oil Company, Shell Petroleum Inc., Shell Trading (US) Company, Motiva Enterprises LLC, Triton Terminaling LLC, and Equilon Enterprises LLC d/b/a Shell Oil Products US ("Defendants") (collectively, "Parties") respectfully submit this Joint Status Report pursuant to this Court's December 4, 2025 Text Order continuing the Motion of Plaintiff CLF to Challenge Defendants' Confidentiality Designations (ECF 283) to update the Court on the Parties' continued efforts to meet and confer about confidentiality designations of documents and information provided during fact discovery, and the parties' proposal for how the Court should address the issue of confidentiality designations as the case proceeds past the fact discovery phase.

***Background***

On October 17, 2025, CLF filed Plaintiff Conservation Law Foundation's Motion to Challenge Defendants' Confidentiality Designations (ECF 283). On October 31, 2025,

Defendants filed Defendants' Opposition to Conservation Law Foundations' Motion for Discovery to Challenge Confidentiality Designations (ECF 290) and on November 7, 2025, CLF filed its Plaintiff Conservation Law Foundation's Reply in Support of Its Motion to Challenge Defendants' Confidentiality Designations.  A hearing on the Motion was held on December 3, 2025.  At the hearing, Judge Sullivan instructed the Parties to do two things: 1) "a reasonable meet and confer…regarding the challenged set to see if we can reduce the problem in a reasonable way"; and 2) "create…a process for de-confidentiality designations as the case moves into subsequent phases." Transcript of Hearing at 40-41, Conservation Law Found. v. Equilon Enters. LLC, No. 1:17-cv-00396-WES-LDA (D.R.I. Dec. 3, 2025).  A confirming Text Order was entered on December 4, 2025, directing the Parties to submit a joint report addressing "how the Court should address the issue of confidentiality designations (including to amend the CMO deadline) as the case proceeds past the fact discovery phase, to the expert, motion (Daubert, dispositive and in limine) and trial phases, mindful of the public interest pertinent at each phase."  Text Order, Dec. 4, 2025.

On January 9, 2026, the Parties filed a Joint Motion for an Extension of Time (ECF 303). The Court granted the requested extension in a Text Order dated January 12, 2026.

Pursuant to the Court's instructions, the parties report the following:

On January 12, 2026, the Parties held a virtual meet and confer regarding confidentiality de-designation of the set of documents submitted to this Court.  The Parties also discussed the process for confidentiality de-designation challenges going forward.   Following that session, the parties also exchanged more detailed written positions on the confidentiality designation status of remaining documents in the October 10, 2025 challenge set, as well as the process question.

The parties are not in agreement as to a proposed process and therefore submit separate

position statements and proposals for the Court's consideration and discussion at the hearing set for January 20, 2026.

**Plaintiff's Position and Proposal**

The Stipulated Protective Order negotiated by the parties and adopted by the Court included a process for challenging confidentiality. Stipulated Protective Order, ¶ 7 (ECF 67). This process served one of the parties' stated purposes of the Stipulated Protective Order, which is to "facilitate the prompt resolution of disputes over the production and confidentiality of discovery materials." Joint Mot. for Entry of Stipulated Protective Order at 1-2 (ECF 66). Case Management Order #3 (ECF 275), which contains deadlines the parties' agreed to, implemented this process by setting two separate deadlines for the filing of challenges to confidentiality or privilege designations. These deadlines contemplated raising and resolving confidentiality challenges at the end of fact discovery. Plaintiff's pending motion challenging Defendants' confidentiality designations was filed pursuant to that CMO deadline. Per the direction of the Court at the hearing held on December 3, 2025, Plaintiff has not yet filed a challenge to Defendants' confidentiality designations for documents produced in September 2025. Although Plaintiff is not waiving its ability to challenge confidentiality designations under the terms of the Stipulated Protective Order, based on the guidance provided by the Court at the December 3 hearing, Plaintiff proposes the following process.

Plaintiff continues to maintain that Defendants made blanket claims of confidentiality to documents not covered by the Stipulated Protective Order. This over-designation of documents as confidential during the discovery phase creates an added burden for Plaintiff and for the Court in that every filing involving a document stamped as confidential by Defendants requires a motion to seal (and briefing on that motion) plus the filing of often heavily redacted versions of motions and briefs on the docket and unredacted versions under seal. Plaintiff submits that there is still value to a process that requires the parties to engage on de-designation issues at appropriate junctures in this case with an opportunity to file motions challenging designations at each juncture. Defendants' proposal, which seeks to defer any rulings by the Court on challenges to confidentiality until the eve of trial is inefficient and

inconsistent with the public interest during the post-discovery phase of this case. Plaintiff is opposed to a schedule that negates the Stipulated Protective Order, creates a largely private court docket that is under seal, and seeks to preclude Plaintiff from challenging Defendants' claims of confidentiality in connection with the filing of dispositive and other pre-trial motions.

(1) **Motion to Unseal Summary Judgment Filings and Exhibits** – On December 23, 2025, the Court entered a Memorandum and Order denying Defendants' Motion for Partial Summary Judgment.[1] ECF 301. Plaintiff intends to file a motion to unseal the summary judgment briefs and exhibits designated confidential that are attached to these judicial documents. The exhibits at issue are a discrete group of documents that are part of the record that the Court relied on rendering this decision. The Court's ruling on this motion to unseal, which should be based on the parties' full briefing and not the arguments made by Defendants in this status report, may inform the parties' meet and confer process as to other documents. During the meet and confer process, Defendants indicated that they intend to oppose this motion.

(2) **Expert Reports** – The current scheduling order includes deadlines to produce expert reports. Informed by the proceedings in the case pending in the District of Connecticut, Plaintiff expects that the expert reports produced by the parties will refer to and incorporate documents that Defendants marked as Confidential under the Stipulated Protective Order. This is a group of documents that will be at issue in subsequent proceedings, including depositions, dispositive motions, *Daubert* motions and hearings and trial. Consistent with the process the parties agree to for identified trial exhibits (below), Defendants should be required to reassess their confidentiality claims as to each listed document, identify documents they agree to de-designate, and provide support for their assertion of confidentiality for all remaining documents. Since it is Defendants' burden to support their claim of confidentiality, Defendants should be required to specify the basis for the assertion

[1] Defendants filed a motion for reconsideration on January 13, 2025. ECF 304. Plaintiff's response to that motion is due January 27, 2025.

of confidentiality for each document and provide declarations supporting the claims of confidentiality for each document (not by category) in advance of briefing these issues with the Court.

(3) **Summary Judgment and Motions to Preclude** – The filing of motions for summary judgment and any motions to preclude is another juncture at which there should be an opportunity for the parties to meet and confer regarding de-designation and for presenting challenges to the Court. Plaintiff proposes to raise its challenge to claims of confidentiality in its motion to seal. Defendants' response to that motion should identify any documents that Defendants agree to de-designate and provide the basis for any remaining claims of confidentiality and support for that claim in the form of declarations. Those filings will allow the Court to address the challenge to confidentiality claims in the context of the summary judgment motions.

**(4) Pre-Trial Process –** In connection with the exchange of pre-trial exhibit lists and the compilation of any joint exhibits, the parties agree that a log of the exhibits will be created and that the Defendants will reassess their confidentiality claims. If Defendants maintain their claim of confidentiality under the terms of the Stipulated Protective Order and applicable law, it remains Defendants' burden to specify the basis for the assertion of confidentiality for each document. Plaintiffs submit that at this juncture in the case, Defendants should be required to provide declarations supporting the claims of confidentiality for each document (not by category) in advance of briefing these issues with the Court.

**<u>Defendants' Position and Proposal</u>**

CLF proposes that the Parties agree to continue discussions regarding de-designation of additional documents outside of the 500 documents submitted to this Court that fall into categories where the Parties have some agreement, including documents from the September 2025 production, in order to minimize the areas of disagreement in the context of future

briefing.

Defendants do not agree with CLF's continued characterization that Defendants have misused the provisions of the Stipulated Protective Order. In fact, the Court addressed CLF's concerns at the December 3, 2025 hearing stating that "I think it's not appropriate for the Court to invest judicial resources to examine raw discovery unless there are clearly abusive practices being deployed by a Defendant. And I don't see that in this case." Transcript pg. 36. Further, Defendants do not believe that CLF's proposal is within the spirit of this Court's guidance at the December 3, 2025 hearing. Defendants' position is that the Parties have completed their obligations with respect to a reasonable meet and confer relating to the 500 documents challenged on October 10, 2025. As the Court has already instructed, any and all pending and future de-designation challenges should be addressed during the public phase of the litigation and under the final process approved by the Court. This case is still many months—or perhaps over a year—away from reaching the public phase of litigation.

CLF further stated that it is not waiving its right to challenge Defendants' claims of confidentiality as to categories or groups of documents moving forward. CLF's position is that Judge Sullivan noted this at the recent hearing and Defendants acknowledged this during our meet and confer.

To be sure, Defendants certainly acknowledge that is CLF's position, but again, do not believe that this is consistent with the Court's guidance, or the Court's Order to develop a process as we move past expert discovery into the public phase of the litigation. The Court was quite clear that it does not intend to waste judicial resources to adjudicate confidentiality disputes across the entirety of Defendants' document production, at least at this juncture of the case. Accordingly, challenges beyond the 500 documents submitted to the Court should be addressed during the public phase of this case, which is still far down the road. Transcript at 34.

As evidenced by the extensive meet-and-confers relating and confidentiality de-designation and the related dispute pending in the Connecticut Court, as well CLF's January 13 email requesting de-designation of additional documents from the October 10, 2025 challenge set, the Parties remain at an impasse with respect to the scope of confidentiality under the Stipulated Protective Order and the scope of the categories previously agreed upon confidentiality categories with respect to specific documents in Defendants' production. Further challenges under the process outlined in the protective order will only serve to exacerbate the dispute, waste judicial resources, and incur unnecessary attorney's fees for both Parties. That is not consistent with the Court's guidance, and Defendants therefore disagree with CLF that engaging in such a process is necessary prior to including documents designated as confidential with their filings.

CLF identified its intent to move to unseal the briefs and exhibits associated with the Court's recent summary judgment decision (ECF 301). Defendants intend to oppose this motion to unseal. Defendants do not believe that this is consistent with the Court's guidance or the Court's Order to develop a process as we move past expert discovery into the public phase of the litigation. This includes motions to unseal documents. The recent denial of Defendants' Motion for Partial Summary Judgment does not automatically trigger the unsealing of discovery materials. Because the motion was denied, the attached exhibits did not necessarily form the basis of a 'public' judicial decision that would override the need for discovery efficiency. Unsealing these exhibits now would involve the 'investing of resources at the raw discovery phase without regard to the significance of the documents' to the actual trial. Moreover, the sheer amount of exhibits attached to the parties' respective briefing on the summary judgment dispute will require a much closer, document-by-document review for confidentiality that is flatly impractical at this stage of the litigation. Worse, the potential that a slew of highly

sensitive and confidential documents could be subject to a blanket de-designation just because one party may have attached the documents to its summary judgment briefing—especially if the document was not pertinent to the Court's ruling—causes Defendants a great deal of concern and would be inconsistent with the purposes of the Protective Order. Instead, the status of these exhibits should be handled individually and under the same protocol as all other trial exhibits.

CLF proposes several junctures in the case where it would be appropriate to bring disputes regarding confidentiality to the Court.

**Expert Reports, Summary Judgment and Motions to Preclude**: CLF proposes that Defendants be required to reassess their confidentiality claims as to each listed document, identify documents they agree to de-designate, and provide support for their assertion of confidentiality for all remaining documents. Further, CLF proposes Defendants should be required to specify the basis for the assertion of confidentiality for each document and provide declarations supporting the claims of confidentiality for each document (not by category) in advance of briefing these issues with the Court. Defendants do not agree with this unnecessarily inefficient proposal. Defendants do not believe that this is consistent with Judge Sullivan's guidance or the Court's Order to develop a process as we move past expert discovery into the public phase of the litigation. Further, Defendants oppose CLF's proposal to require a document-by-document reassessment and supporting declarations for every confidential document cited in expert reports. As the Court noted, the expert phase is still part of the 'raw discovery' or 'private' phase of litigation. Requiring a specific 'log' and declarations at this stage is precisely the type of 'page-by-page' analysis the Court found premature and an inefficient use of judicial resources. Consistent with the Court's guidance, public interest only becomes a 'dominant factor' once expert discovery is closed and the case moves toward trial. Defendants propose that any challenges to documents cited in expert reports be deferred until the exchange

of pre-trial exhibit lists, at which point Defendants will provide justifications only for the narrow subset of documents actually identified as trial exhibits.

Per this Court's guidance during the December 3, 2025 hearing, challenges beyond the 500 documents submitted to the Court are to be addressed during the public phase of this case, which is not until at least after the close of expert discovery. Transcript at 34. Therefore, all of CLF's proposed triggering events before the close of expert discovery are premature and should be addressed after the close of expert discovery. Defendants' position is that the exchange of the parties' pre-trial exchange of exhibit lists is when the public interest becomes a dominant factor and should be the triggering event for the proposed process in this litigation.

     Defendants propose that Court intervention, if any, is more appropriately addressed in connection with the exchange of pretrial exhibit lists and the compilation of any joint exhibits. At that stage, Defendants will re-assess confidentiality designations for proposed trial exhibits and will provide a log setting forth a specific justification for any designation maintained. CLF may then challenge any such designation on a document-specific basis. If necessary, the Court may conduct an *in camera* review. Defendants may submit declarations in support of their positions on either a document-by-document or categorical basis, if appropriate for the documents at issue, addressing confidentiality on a categorical basis would reduce burden on the parties, promote efficiency for the Court and prevent future disputes on similar issues.

Dated: January 15, 2026

Respectfully submitted,

*\/s/ Kristine Sears Tardiff*
Kristine Sears Tardiff (admitted *pro hac vice*)
Conservation Law Foundation
New Hampshire
27 North Main Street
Concord, NH 03301
603-573-9144
ktardiff@clf.org

Allan Kanner (admitted *pro hac vice*)
Allan Kanner & Associates
La 701 Camp St. New Orleans
New Orleans, LA 70130
504-524-5777
A.Kanner@kanner-Law.Com

James T. Crowley
Conservation Law Foundation
235 Promenade St. Suite 560, Mailbox 28
Providence, RI 02908
(401) 228-1905
Fax: (401) 351-1130
jcrowley@clf.org

Ana McMonigle (admitted *pro hac vice*)
Conservation Law Foundation, Inc.
195 Church St. Mezzanine Level, Ste. B
New Haven, CT 06510
860-690-1182
Amcmonigle@clf.org

Anna Tadio (admitted *pro hac vice*)
Conservation Law Foundation
25 Engrem Ave
Rutland, VT 05701
802-779-4621
Atadio@clf.org

Chance Raymond (admitted *pro hac vice*)
Chance the Lawyer, LLC
650 Poydras Street
Suite 1400
PMB # 2574
New Orleans, LA 70130
832-671-6381

*/s/ Rose J. Jones*
Rose J. Jones (admitted *pro hac vice*)
HILGERS GRABEN PLLC
1372 Peachtree St NE
Atlanta, GA 30309
T: (402) 218-2106
rjones@hilgersgraben.com

Douglas A. Henderson (admitted *pro hac vice*)
Carmen R. Toledo (admitted *pro hac vice*)
Ryan T. Kearney (admitted *pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
T: (404) 572-4600
dhenderson@kslaw.com
ctoledo@KSLAW.com
rkearney@kslaw.com

Antonio E. Lewis (admitted *pro hac vice*)
KING & SPALDING LLP
300 S Tryon Street Suite 1700
Charlotte, North Carolina 28202
T: (704) 503-2600
alewis@kslaw.com

Drew T. Bell (admitted pro hac vice)
King & Spalding LLP
500 W 2nd St, Suite 1800
Austin, Texas 78701
(512) 457-2000
dbell@kslaw.com

Jennifer Stuhldreher (admitted pro hac vice)
King & Spalding LLP
1100 Louisiana St, Suite 4100
Houston, Texas 77002
(713) 751-3200
jstuhldreher@kslaw.com

Robert D. Fine (RI Bar # 2447)
Chace Ruttenberg & Freedman, LP
One Park Row, Suite 300

Chancethelawyer@gmail.com

Kenneth J. Rumelt
Conservation Law Foundation
15 East State Street Suite 4
Montpelier, VT 80218802-622-3020
Krumelt@clf.org

Marisa A. Desautel
Desautel Browning Law
38 Bellevue Avenue
Ste Unit B
Newport, RI 02840
401-477-0023
Marisa@desautelbrowning.com

Michael Pendell (admitted *pro hac vice*)
Motley Rice LLC
One Corporate Center
20 Church St
17th Floor
Hartford, CT 06103
860-218-2722
Fax: 860-882-1682
mpendell@motleyrice.com

Ridge Mazingo (admitted *pro hac vice*)
Motley Rice LLC
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
843-216-9620
Fax: 843-216-94330
Rmazingo@motleyrice.com

Vincent L. Greene , IV
Motley Rice LLC
40 Westminster St 5th Floor
Providence, RI 02903
401-457-7730
Fax: 401-457-7708
Vgreene@motleyrice.com

Shalom D. Jacks (admitted *pro hac vice*)
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
843-216-9013

Providence, RI 02903
T: (401) 453-6400
rfine@crfllp.com

Anthony G. Papetti (admitted *pro hac vice*)
Beveridge & Diamond, P.C.
825 Third Ave., 16th Floor
New York, NY 10022
T: (212) 702-5400
F: (212) 702-5442
apapetti@bdlaw.com

John S. Guttmann (admitted *pro hac vice*)
Beveridge & Diamond, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
T: (202) 789-6020
F: (202) 789-6190
jguttmann@bdlaw.com

Bina R. Reddy (admitted *pro hac vice*)
Beveridge & Diamond, P.C.
400 West 15th Street Suite 1410
Austin, TX 78701-1648
T: (512) 391-8000
F: (202) 789-6190
breddy@bdlaw.com

Megan L. Marzec Morgan (admitted *pro hac vice*)
Roy D. Prather III (admitted *pro hac vice*)
Beveridge & Diamond, P.C.
201 North Charles Street, Suite 2210
Baltimore, MD 21201-4150
T: (410) 230-1305
F: (410) 230-1389
mmorgan@bdlaw.com
rprather@bdlaw.com

***Counsel for Defendants***

sjacks@motleyrice.com

Andrea Leshak (admitted *pro hac vice*)
Conservation Law Foundation
195 Church St. Mezzanine Level, Ste. B
New Haven, CT 06510
203-902-2157
aleshak@clf.org

Katrina Jean Myers (admitted *pro hac vice*)
Conservation Law Foundation
235 Promenade Street #560
Providence, RI 02908
401-228-1907
401-351-1130 (fax)
kmyers@clf.org

***Counsel for Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2025, the foregoing Joint Status Report was filed through the Court's electronic filing system ("ECF"), through which the document is available for viewing and downloading from the ECF system, and a copy of the filing will be sent electronically to all parties registered with the ECF system.

/s/ *Kristine Tardiff*
Kristine Tardiff