UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., : <br>     Plaintiff, : <br> : <br> v. : <br> : <br> EQUILON ENTERPRISES LLC (d/b/a SHELL : <br> OIL PRODUCTS US), et al., : <br>     Defendants. : | C.A. No. 17-396-JJM |

### ORDER REGARDING CONFIDENTIALITY DESIGNATIONS

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the motion of Plaintiff, Conservation Law Foundation, Inc. ("CLF") challenging Defendants' confidentiality designations. ECF No. 283. The motion was filed on October 17, 2025, in accordance with the deadline set by Case Management Order # 2. ECF No. 235 at 3. The confidentiality designations were made by Defendants pursuant to the stipulated protective order entered by the Court, ECF No. 67, and CLF challenged 500 of them, reserving its right to seek to de-designate additional documents produced in September 2025 and thereafter. Since the motion was filed, the parties have continued to meet and confer, the Court held an initial hearing, the parties filed a joint status report (ECF No. 305) and the Court held another hearing.

As a preliminary matter, the Court makes no finding one way or the other that Defendants improperly over-designated as confidential documents produced in discovery. Although CLF represents that almost 98% of Defendants' production was designated confidential, given the nature of this case, the Court does not find that such a percentage gives rise to an inference that Defendants' approach to confidentiality designation was *per se* improper. ECF No. 283 at 5. Nor as (of this writing) has the Court found any specific instance of a document designated

confidential that clearly should not have been so designated.  Rather, the Court finds that the protective order's provision permitting confidentiality designation has been used to facilitate production of sensitive documents during the discovery phase of the case when the interest of the producing party in protecting sensitive "raw" production is at its highest and the public interest in accessing such "raw" production is at its lowest.  See <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 32-34 (1984) (there is no tradition of public access to "raw" discovery materials; "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information"); <u>Poliquin v. Garden Way, Inc.</u>, 989 F.2d 527, 535 (1st Cir. 1993) ("effective discovery . . . is achieved by affording relatively generous protection").  The Court further finds that, as the case proceeds from here, particularly as the Court begins to issue decisions in reliance on documents that the parties present as pertinent to the Court's determination, the public interest in access to such documents grows, until trial when it is at its peak and only the most sensitive documents, public disclosure of which would impose significant harm, should be redacted or (rarely) sealed.

Based on the foregoing, the Court now rules that the motion to de-designate is granted in part and denied in part as follows:

1. As to the set of 500 and further "raw" discovery documents produced in September 2025 and thereafter, the parties shall continue to meet and confer regarding CLF's challenge to Defendants' confidentiality designations.  Through these discussions, the parties shall establish categories of documents as to which CLF believes the documents should be de-designated and Defendants believe that the confidential designations should be sustained.  Once these discussions have reached impasse, CLF may (but is not required to) file a new motion for de-designation based on a request

for in-camera review of exemplar documents that reflect tranches of designated material falling into a category. Unless otherwise noted in the motion (for example, noting that a particular "raw" discovery document also constitutes a "judicial record" as defined *infra*), the Court's determination will be based on the status of these materials as "raw" discovery, as to which the public right of access is low. See Seattle Times Co., 467 U.S. at 32-34. Put differently, this phase of the de-designation process is for the limited purpose of weeding out obvious over designation or improper designation. The Court further notes its expectation that no more than ten documents would be presented for *in-camera* review except for good cause shown.

2. As to documents provided to the Court in support of or in opposition to dispositive and other merits-related motions (such as a motion for summary judgment, a motion in limine or to preclude, or a Daubert motion), such documents constitute "judicial records," which are subject to a presumptive right of access. See Roy v. FedEx Ground Package Sys., Inc., Case No. 3:17-cv-30116-KAR, 2024 WL 2025763, at *2 (D. Mass. May 7, 2024). Accordingly, CLF may challenge the designation of any such document, using the procedure described in paragraph 1 *supra* but the Court's determination will be based on the status of the material as "judicial records." This opportunity for de-designation shall not be triggered by discovery motions or routine procedural motions (such as motions to extend time).

3. As to documents still designated as confidential at the time of trial that are marked by either party as potential trial exhibits, Defendants shall reassess the confidentiality status of such documents and shall seek to sustain the confidentiality designation only based on a good faith belief that public exposure of the documents would result in

3

injury. As to any proposed trial exhibit for which confidentiality is still asserted, Defendants shall provide CLF with a log setting forth a specific justification for the designation, with supporting declarations either document-by-document or categorically. To the extent that CLF objects to any such confidentiality designation and Defendants still seek to sustain it, the parties shall seek guidance from the Court regarding how to proceed, mindful that Defendants must overcome the strong presumption of public access as to each such document.

4. Because the balancing of Defendants' interest in protecting its confidential documents and the public interest in access shifts as the case proceeds and the public interest heightens, CLF may challenge a confidentiality designation previously sustained by the Court if the new context gives rise to an arguably heightened public interest.

5. The Court clarifies that de-designation of a previously confidential document means that it may be used in this case (or in the related Connecticut case) without being sealed or redacted. However, even if no longer designated as confidential, such documents may not be used by CLF for any purpose other than for use in this case and in the related case pending in the District of Connecticut.

6. Nothing in this Order may be interpreted as altering or diminishing Defendants' burden (as established in the controlling cases) of demonstrating that public disclosure of a particular document would result in an injury sufficiently serious to warrant protection at the phase of the case at which the right of public disclosure is asserted. See Conservation Law Foundation, Inc. v. Shell Oil. Co., Civil No. 3:21-cv-00933 (JAM), 2023 WL 5567614, at *1-3 (D. Conn. May 16, 2023).

Based on the foregoing, the Court grants in part and denies in part CLF's motion to challenge Defendants' confidentiality designations (ECF No. 283).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
January 27, 2026