UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| CONSERVATION LAW FOUNDATION, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 17-396 JJM |
| SHELL OIL PRODUCTS US, et al., | ) ) | |
| Defendants. | ) ) | |

ORDER

Before the Court is "Defendants' Motion for Reconsideration of the Court's Order on their Motion for Partial Summary Judgment" ("Defendants' Motion") (ECF No. 304), filed in response to the Court's recent Memorandum and Order denying Defendants' Motion for Partial Summary Judgment. ECF No. 301. The Court determines that a hearing is unnecessary. For the foregoing reasons, the Court denies Defendants' Motion.

I. BACKGROUND

This dispute arises from Plaintiff Conservation Law Foundation's action against Defendants seeking to impose liability for their alleged violations of federal environmental law. *See generally* ECF No. 45. The Court's prior Memorandum and Order provided a comprehensive overview of the pertinent facts underlying this dispute. ECF No. 301 at 2-8. Specifically, it details the parties' ongoing factual dispute concerning the terms included in the relevant permits governing Defendants'

conduct at the Providence Terminal and whether the terms require Defendants to consider a variety of factors related to the adverse impacts created by climate change. *Id.* The Court incorporates the Memorandum & Order's background facts by reference and only provides the details necessary to its resolution of Defendant's Motion.

After the Court's denial of Defendants' Motion for Partial Summary Judgment, Defendants moved for reconsideration based on the supposed existence of "newly discovered evidence." ECF No. 304 at 1-4. Specifically, Defendants contend that — almost two months after they filed their Motion for Partial Summary Judgment — environmental engineers employed by the Rhode Island Department of Environmental Management ("RIDEM") conducted an inspection of the Providence Terminal. *Id.* Defendants argue that the results RIDEM reached during this September 16, 2025 inspection absolves them of all potential liability and therefore warrants summary judgment in their favor. *Id.*

Specifically, Defendants claim that this inspection led RIDEM to determine that they have not engaged in behavior that violated the relevant permits at issue here. *Id.* Despite the ostensible magnitude of this development, Defendants failed to supplement their pending Motion for Partial Summary Judgment for over three months. *Id.* Instead, they waited to inform the Court of this development until they filed the instant motion. *Id.* Despite their delay, Defendants seek reconsideration based on this factual development.

## II.   DISCUSSION

A court's decision to grant a motion for reconsideration constitutes an extraordinary remedy.  *See Latin Am. Music Co. v. Am. Soc'y of Composers, Authors & Publishers*, 642 F.3d 87, 91 (1st Cir. 2011).  Based on the nature of this relief, courts should grant litigants' requests for this relief in a sparing manner.  *Id.*  To succeed in a motion for reconsideration, moving parties must establish that a manifest error of law has taken place, or they must demonstrate the existence of newly discovered evidence.  *Maries v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005).  Critically, "a motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Aybar v. Crispin-Reyes*, 118 F.3d 10, 16 (1st Cir. 1997) (citation modified).[1]

The Court's review of the record and the arguments submitted reveal that Defendants have failed to demonstrate their entitlement to reconsideration of the Court's prior Memorandum and Order.  Specifically, the Court determines that Defendants have failed to advance a legitimate justification excusing their failure to present their evidence of the September 2025 RIDEM inspection, and its alleged impact, before the Court's resolution of their motion on December 23, 2025.  As the procedural history of this dispute demonstrates, Defendants had more than three

---

[1] In seeking this relief, Defendants' memorandum omits any discussion or acknowledgment of the relevant standard of review.  *See generally* ECF No. No. 304.

months to apprise the Court of this development and yet they failed to do so. This delay serves as a canonical example of an unexcused, "procedural failure" and mandates the denial of their motion. *Aybar*, 118 F.3d at 16.

Not only does Defendants' impermissible delay constitute a "procedural failure," it also falls outside the definition of newly discovered evidence. *See Bennett v. Saint-Gobain Corp.*, 507 F.3d 23, 34 (1st Cir. 2007) (rejecting a litigant's characterization of evidence as newly discovered and determining that "it is clear from the plaintiff's own admissions that the additional evidence was merely newly proffered, not newly discovered.") Since Defendants' possessed evidence of the RIDEM inspection for several months during the pendency of their motion, the Court rejects Defendants' characterization of this evidence as "newly discovered" and denies their motion on this basis as well.

Nevertheless, Defendants resist the conclusion that their delay dooms their attempt to seek reconsideration, and attempt to offer an explanation justifying their late submission. Specifically, Defendants assert that they "were preparing a supplement to the record" and had also "anticipated a hearing" where — according to Defendants — they would have had the opportunity to raise other arguments that they did not include in their filings. *See* ECF No. 310 at 2. The Court rejects this argument for two primary reasons. First, Defendants fail to direct the Court to any authority either in the form of caselaw, a Federal Rule of Civil Procedure, or a local rule that would permit them to withhold supplemental evidence and then present it to the Court at a hearing that they did not receive. The absence of any authority that

4

would permit this curious course of action seriously undercuts Defendants' attempt to justify their delay.  Moreover, if Defendants had intended to present this evidence at a hearing, one could reasonably expect Defendants to provide the Court of with advanced notice of their intent to do so.

Second, Defendants have failed to explain why the three-month period between the RIDEM inspection itself and the Court issuing its Memorandum and Order did not provide them with the ability to either supplement the record or notify the Court of the inspection's occurrence.  Further, Defendants' delay and subsequent characterization of this evidence as "newly discovered" suggests that the decision to withhold it was not inadvertent.  *Bennett*, 507 F.3d at 34 ("Evidence known to a party and deliberately withheld for tactical reasons cannot plausibly be counted as newly discovered.") (citation modified).  The Court therefore rejects Defendants' request for reconsideration.[2]

---

[2] In any event, the Court's reconsideration of the RIDEM inspection would not alter its prior denial of partial summary judgment.  While Defendants emphatically argue that the RIDEM inspection serves as a critical development that materially alters the outcome of their prior motion, Plaintiffs' opposition contests both the context in which RIDEM inspected the Providence Terminal and this inspection's impact on the parties' overall dispute.  ECF No. 304 at 4-6; ECF No. 308 at 4-6.  At most, the RIDEM inspection serves as an additional disputed fact that prevents the Court from granting summary judgment.  *Cadle Co. v. Hayes*, 116 F.3d 957, 959 (1st Cir. 1997) ("At the summary judgment stage, the trial court examines the entire record in the light most flattering to the nonmovant and indulges all reasonable inferences in that party's favor.  Only if the record, viewed in that manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment.") (citation modified).

## III. CONCLUSION

Based on the foregoing, the Court concludes that Defendants have not demonstrated their entitlement to reconsideration of the Court's Memorandum and Order. As a result, the Court DENIES Defendants' Motion for Reconsideration, ECF No. 304.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*
_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

March 3, 2026