**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

<table>
<tr><td>

CONSERVATION LAW FOUNDATION, INC.,

    *Plaintiff,*

       v.

EQUILON ENTERPRISES LLC (d/b/a SHELL OIL PRODUCTS US), SHELL OIL COMPANY, SHELL PETROLEUM, INC., SHELL TRADING (US) COMPANY, MOTIVA ENTERPRISES LLC, TRITON TERMINALING LLC, and EQUILON ENTERPRISES LLC,

    *Defendants.*

</td><td>

No. 1:17-cv-00396-JJM-PAS

</td></tr>
</table>

**PLAINTIFF CONSERVATION LAW FOUNDATION'S OBJECTIONS TO AND MOTION FOR RECONSIDERATION OF THE COURT'S ORDER REGARDING CONFIDENTIALITY DESIGNATIONS**

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule Civil 72(c), Plaintiff Conservation Law Foundation, Inc. ("CLF") moves for review and reconsideration of the Court's Order Regarding Confidentiality Designations entered January 27, 2026 (ECF 309) ("Order"), as clarified by the Court's Text Order entered March 11, 2026.

The Court referred numerous discovery disputes and motions in this action to the Magistrate Judge. Through a series of discovery conferences and rulings, those disputes have been briefed, discussed and ruled on. As a result, fact discovery is nearly complete except for a few outstanding matters. CLF respectfully brings this objection and motion cognizant that it asks the Court to revisit the difficult task of balancing important but competing interests. Nonetheless, it is the importance of those interests that compel CLF to ask the Court to revisit one specific element of the its order. CLF's objections to the recent Order are narrow, focusing only on one provision in paragraph 5 of the Order, which imposes an unnecessary restriction on CLF's use of certain

1

non-confidential documents produced in this case without any showing of good cause by Defendants or factual findings by the Magistrate Judge. The imposition of this unnecessary and unsupported use restriction is unduly burdensome because the definition of the subset of documents to which the restriction applies remains vague despite the Court's clarification, making compliance and enforcement cumbersome, as well as creating complications in the related case in the District of Connecticut. For these reasons, the use restriction is clearly erroneous and should be set aside.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) governs the review of magistrate orders on non-dispositive pretrial matters, including discovery rulings. Under Rule 72(a), "[a] party may serve and file written objections to the order within 14 days after being served with a copy." Rule 72(a) further provides that "[a] party may not assign as error a defect in the order not timely objected to." *See also* Local Civ. R. 72(c)(1); *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 3 (1st Cir. 1999) ("It is a firmly settled rule that a party's appeal of a magistrate judge's order to the district court delimits his right to further appellate review.").

The presiding district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under this standard, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Reich v. Newspapers of New England, Inc.*, 44 F.3d 1060, 1080 (1st Cir. 1995) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Although this standard is deferential, the First Circuit has affirmed a district court decision vacating a magistrate judge's order where no findings were made to support the ruling. *Quaker State Oil Refining Corp. v.*

*Garrity Oil Co.*, 884 F.2d 1510, 1517 n.5 (1st Cir. 1989). The First Circuit explained that "[u]nder such circumstances, the order was divested of its usual force, and the district judge was entitled to discount it to some degree." *Id.*

When the district court's review of a non-dispositive motion "turns on a pure question of law, that review is plenary under the 'contrary to law' branch of the Rule 72(a) standard." *Powershare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).

## PROCEDURAL HISTORY

In 2021, the parties negotiated a Stipulated Protective Order ("SPO").  In asking the Court to approve that order, the parties stated that they:

> believe the proposed Protective Order will: (i) adequately protect information the parties are entitled to keep confidential; (ii) ensure that only materials the parties are entitled to keep confidential are subject to such treatment; (iii) ensure that the parties are permitted reasonably necessary use of such materials throughout discovery in this litigation; and (iv) facilitate the prompt resolution of disputes over the production and confidentiality of discovery materials.

Jt. Mot. for Entry of Stipulated Protective Order filed Dec. 7, 2021, at 1-2 (ECF 66). The Court granted the joint motion and entered the SPO. ECF 67. The SPO, which expressly "govern[s] the use and disclosure of documents and information covered by [the Order]," SPO at 1, provides that "CONFIDENTIAL Information or Items received by a Party during the course of Litigation may be used only in connection with the prosecution or defense of this Litigation."  SPO, Sec. 3(a). The SPO does not include any similar restriction on use of documents received by either party that are not designated as Confidential or Highly Confidential – Attorneys' Eyes Only, as those terms are defined in the SPO.

The SPO further provides that "[e]ach party reserves the right to move to modify the terms of this Protective Order" and that "no party hereto shall be deemed to have waived its right to seek a protective order with respect to any documents or information, regardless of whether such

3

documents or information fall within the scope of this Protective Order . . . ." SPO, Sec. 12(a)-(b). A request for a modification of the SPO or issuance of a new protective order requires a motion under the terms of the SPO and Fed. R. Civ. P. 26(c)(1). Rule 26(c)(1) requires any motion for a protective order to include "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Rule 26(c)(1) further provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"

CLF subsequently moved to challenge Defendants' confidentiality designations as to a group of 500 documents. ECF 283. In response, Defendants contended that those confidentiality designations were proper under the SPO, but also agreed to de-designate 76 of those documents, stating "Defendants have completed review and analysis of the challenged documents and agree to de-designate as not confidential." Defs.' Opp. at 1, 7-9 (ECF 290). Defendants also asserted that the designated documents are not yet "judicial records," and suggested that CLF intends to use "confidentially produced materials for public relations or fundraising campaigns . . .." *Id*. at 2. CLF addressed this assertion in its reply. CLF Reply at 4-7 (ECF 294).

On January 27, 2026, the Magistrate Judge entered an Order Regarding Confidentiality Designations (ECF 309) ("Order"). The Order provides direction for challenging confidentiality designations in further proceedings that included consideration of the parties' proposals, as set forth in their Joint Status Report filed January 15, 2026 (ECF 305). In addition, paragraph 5 of the Order includes the following provision:

> The Court clarifies that de-designation of a previously confidential document means that it may be used in this case (or in the related Connecticut case) without being sealed or redacted. However, *even if no longer designated as confidential, such documents may not be used by CLF for any purpose other than for use in this case and in the related case pending in the District of Connecticut.*

Order, ¶ 5 (emphasis added).

CLF moved for clarification or reconsideration of the Order under Fed. R. Civ. P. 54(b). ECF 311. Following briefing, the Magistrate Judge issued a further order clarifying that the challenged portion of the Order

> was intended to apply the ongoing use limitation only to documents that are potentially confidential internal documents, which Defendants have opted to de-designate. That is, this use limitation shall not apply to any document that is de-designated because it was improperly designated as confidential (such as a document that was sent to an agency such as DEM).

Text Order (Mar. 11, 2026). The clarifying order also provides that,

> To the extent that CLF believes that this clarification does not resolve the First Amendment concerns raised by CLF in its motion, or that this ongoing use limitation is burdensomely cumbersome, but mindful that this Order deals with "raw" discovery materials and not judicial records, CLF may again file a motion for reconsideration.

*Id.*

## ARGUMENT

CLF's objection to the Magistrate Judge's Order in this case is narrow, focusing only on a use restriction imposed in paragraph 5 of the Order and clarified but left intact by a subsequent ruling. The imposition of a use restriction against CLF, which constitutes a protective order in favor of Defendants, was not supported by a motion or showing of good cause by Defendants, nor supported by findings of fact and a determination of good cause in the Order. The imposition of this enforceable use restriction is unduly cumbersome and also poses First Amendment concerns. CLF requests that the Court reconsider and set aside this one provision of the Order.

I.      The Imposition of a Use Restriction Without a Finding of Good Cause is Clearly Erroneous

The Magistrate Judge's Order includes a protective order that imposes a use restriction on CLF. That portion of the Order was issued without a motion by Defendants requesting such a restriction, without evidence supporting such a request, without any finding of good cause, and without any fact findings to support the use restriction. The clarifying Text Order does not remedy

the lack of any factual findings to support the imposition of the use restriction itself. Under these circumstances, the relevant portion of the Order is clearly erroneous and should be set aside.

The SPO restricts the use of documents that are produced by a party as confidential. Defendants never moved for or otherwise requested a protective order imposing such restrictions for documents that are *not confidential*. The only briefing that preceded the Court's imposition of the use restriction is the briefing on CLF's Motion to Challenge Confidentiality Designations. A review of Defendants' Opposition to that motion shows they were concerned about the de-designation of "non-public discovery materials governed by the SPO and Rule 26(c)." Defs.' Opp. at 2 (ECF 290). Defendants raised no concerns about CLF's potential use of nonconfidential documents that do not fall within the scope of the SPO. *Id*. The Court addressed this concern by establishing a process for CLF to challenge Defendants' confidentiality designations that is tied to (1) the phase and context in which the challenge is raised and (2) the varying legal standard that applies as a case moves from the "raw" discovery phase through dispositive and other merits-related motions and then to trial.[1] *See* Order, ¶¶ 1-4. Paragraph 5 of the Order also provided that the "de-designation of a previously confidential documents means that it may be used in this case (or in the related Connecticut case) without being sealed or redacted." Order, ¶ 5. Plaintiff does not object or seek reconsideration of these provisions.

The language that Plaintiff objects to and seeks reconsideration of is the second sentence of paragraph 5. That provision, which states that "even if no longer designated as confidential, such documents may not be used by CLF for any purpose other than for use in this case and in the related case pending in the District of Connecticut[,]" effectively modifies the existing SPO or

---

[1] That process is presently being used in connection with CLF's pending Motion to Unseal Judicial Records, filed February 5, 2026 (ECF 312).  Any judicial documents unsealed and placed on the docket because of that motion and subsequent proceedings are not subject to the use restriction that is the subject of this motion.

constitutes a new protective order by imposing use restrictions on documents that are, by definition, no longer confidential and no longer subject to the SPO.

Although the Court has discretion to enter a protective order, it should only do so based on a finding of "good cause" under Fed. R. Civ. P. 26(c). That "finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986). *See also FTC v. Std. Fin. Mgmt. Corp.*, 830 F.2d 404, 412 (1st Cir. 1987) ("We decline to accept conclusory assertions as a surrogate for hard facts" in assessing argument that documents should remain under seal). Further, where courts have entered protective orders restricting public disclosures, such orders are grounded on the examination of a specific record and concrete examples of harm. For example, in *Anderson v. Cryovac*, the district court found that good cause was established based on a record of specific instances of "extensive publicity" about the allegations made against the defendants, "particularly the accounts appearing in the daily newspapers" that were discussed at hearings. 805 F.2d at 8. In that context and on that specific record, the court noted a concern that this publicity "would inhibit and perhaps prevent the selection of an impartial jury." *Id*.

Here, the Court made no factual findings in its Order to support a determination that good cause existed for the imposition of this use restrictions. Further, in contrast to the record developed to support the finding of good cause in *Anderson*, Defendants merely raise the specter of abuse of the discovery process by citing their own prior conclusory statements, which in turn cite to a single CLF public statement that was in no way improper. *See* Defs.' Opp. at 5 (citing ECF 290 at 2 (citing CT ECF 508)). This is entirely inadequate to support a finding of good cause sufficient to impose a blanket use restriction in this case.

7

Defendants' attempt at a *post hoc* justification for the use restriction they never asked for fares no better. Here again, Defendants' assertion that the Court's *sua sponte* issuance of the protective order language is necessary to prevent some future abuse of the discovery process is unsupported by their conclusory statements. *See* Defs.' Opp. to Mot. for Clarific. at 2 (ECF 315). Notably, the Shell Defendants' speculative and unsupported assertions regarding CLF's use of documents has been a common theme in their filings in both this case and in the related litigation pending in the District of Connecticut.[2] There, in briefing on motions to seal documents associated with *Daubert* motions, Defendants asserted that "CLF has previously broadcasted its motivation to publicize these materials based on a desire to solicit fundraising contributions from its donors-not in pursuit of any public need for the documents to be in the public domain." CT Order and Ruling Denying Motions to Seal at 18 (CT ECF 953) (quoting Defendant's filing at CT ECF 825, at 4). In the recent ruling denying ten separately filed motions to seal, Magistrate Judge Farrish found that "even if the Court were to accept that CLF had an ulterior motive, the Defendants cite no authority for the proposition that CLF's motives are relevant" to the applicable analysis as to whether the documents should be unsealed on the docket. *Id*. So too here.

In sum, no showing was made by the Shell Defendants that there is a legitimate concern about the potential future misuse of documents they initially designated as confidential under the terms of the SPO and then later opt to de-designate. In addition, the Magistrate Judge made no factual findings or a determination of good cause to support the decision to impose a use restriction as to such documents. As such, that use restriction was clearly erroneous and should be vacated.

---

[2] The related case is *Conservation Law Foundation, Inc. v. Shell Oil Co.*, No. 3:21-cv-933 (D. Conn.). Filings and orders in the Connecticut case are cited herein as "CT ECF" with the docket number for the filing or order.

II.     The Unnecessary Use Restriction is Vague and Unduly Cumbersome

In response to CLF's motion seeking clarification of the Order, the Magistrate Judge issued a further order explaining that the challenged language was intended to apply "only to documents that are potentially confidential internal documents, which Defendants have opted to de-designate. That is, this use limitation shall not apply to any document that is de-designated because it was improperly designated as confidential (such as a document that was sent to an agency such as DEM)." Text Order (Mar. 11, 2026). However, the Order, even as clarified, imposes an enforceable use restriction on CLF is both vague and unduly cumbersome.

The use restriction is unduly cumbersome for the parties to comply with and for the Court to enforce. To begin with, the clarified Order continues to treat different categories of non-confidential documents differently. The use restriction by its terms does not apply to documents that were never designated as confidential under the SPO. The use restriction also does not apply to documents that Defendants designate as confidential under the SPO but subsequently become judicial documents and are unsealed by a court order.[3] However, if Defendants opt to de-designate such documents prior to a Court ruling, then the use restriction appears to apply. This unintentionally creates an incongruous result wherein the Defendants are incentivized to voluntarily de-designate internal documents to ensure their continued de facto confidentiality.

In addition, when Defendants opt to de-designate documents previously produced as confidential, there is no requirement that they specify the reason for the de-designation. For example, in response to CLF's motion challenging Defendants' designation of 500 documents as confidential (ECF 283), Defendants agreed in their response to de-designate 76 of those documents, stating "Defendants have completed review and analysis of the challenged documents

---

[3] Any summary judgment documents unsealed by the Court in response to CLF's pending motion would fall in this category.

and agree to de-designate as not confidential." Defs.' Opp. at 7 (ECF 290).

However, Defendants were not required to explain the reason for that de-designation, nor does the challenged language in the Order require such an explanation. And, even if a reason is provided, CLF will be required to engage in additional analysis as to whether the document was de-designated because it was "improperly designated as confidential" to begin with. The process CLF must engage in to avoid the possibility of violating the enforceable use restriction is unduly cumbersome, as would be any proceedings before the Court related to the Order.

Finally, the imposition of this unnecessary use restriction further complicates CLF's use of documents across the two related cases in this Court and in the District of Connecticut. Subject to protective orders issued in both cases covering confidential documents, the parties have an agreement that documents produced in one case may be used in the other case. Although this agreement was certainly intended to eliminate the need for duplicative discovery and production, there is still some duplicative production of documents across both cases. The imposition of a Court-ordered use limitation in this case creates a layer of further confusion with respect to the same documents produced in the related case pending in the District of Connecticut.

For all these reasons, the use restriction in paragraph 5 of the Order should be vacated.

III.    The Unnecessary and Unsupported Blanket Use Restriction Infringes Upon CLF's First Amendment Right of Free Speech

The Supreme Court has made clear that "speech on public issues occupies the 'highest rung of the hierarchy of First Amendment values,' and is entitled to special protection." *Connick v. Myers*, 461 U.S. 138, 145 (1983) (quoting *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 913 (1982)). CLF noted its First Amendment concerns regarding the imposition of a blanket restriction on CLF's use of documents in its initial motion seeking clarification. *See* CLF Mot. for Clarification at 5 (ECF 311). The Court's clarification addresses some of these concerns by

10

narrowing the focus of the use restriction, thereby making clear that the restriction on use imposed on CLF does not apply to judicial documents that are unsealed by the Court and become part of the public docket in this case. The use restriction imposed may be narrower, but it is still a blanket restriction that was unnecessary and issued without good cause.

CLF is an environmental advocacy organization. As a regional, nonprofit organization, CLF speaks regularly on environmental issues that matter to our members. That advocacy is far reaching and often calls out environmental harm caused by industries and large corporations. CLF's work includes lawsuits seeking to enforce environmental laws under citizen suit provisions, as is the case here. CLF relies on First Amendment principles of free speech in all its work. Indeed, the right to engage in public advocacy is at the heart of CLF's mission, which is to protect and restore New England's environment for the benefit of all people for generations to come. The Shell Defendants may wish to keep the use restriction in place to silence CLF but made no showing of good cause to support any such restriction in this case. Although the Court may not have intended to infringe upon this right, the language included in paragraph 5 of the Order, even as clarified, does exactly that and should be vacated.

## CONCLUSION

For the reasons set forth herein, CLF respectfully objects to the use restriction contained in paragraph 5 of the Order issued by the Magistrate Judge and asks the Court to grant this motion and vacate that provision.

Dated: March 25, 2026                    Respectfully submitted,

                                         CONSERVATION LAW FOUNDATION,
                                         INC., by its attorneys

                                         */s/ Vincent L. Greene*
                                         Vincent L. Greene
                                         RI Bar # 5971
                                         Motley Rice LLC

11

40 Westminster Street, 5th Floor
Providence, RI 02903
(401) 457-7730
vgreene@motleyrice.com

Christopher M. Kilian, Esq.*
Anna Tadio*
Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
(802) 622-3020
(802) 779-4621
ckilian@clf.org
atadio@clf.org

Kristine Sears Tardiff*
Conservation Law Foundation, Inc.
27 North Main Street
Concord, NH 03301
603-573-9144
ktardiff@clf.org

James Crowley, Esq.
RI Bar # 9405
Conservation Law Foundation, Inc.
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
(401) 228-1905
jcrowley@clf.org

Michael Pendell*
Motley Rice LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
(860) 218-2722
mpendell@motleyrice.com

*Attorneys for Plaintiff*
*Admitted Pro Hac Vice*

12

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2026, the foregoing *Plaintiff Conservation Law Foundation's Objections to and Motion for Reconsideration of the Court's Order Regarding Confidentiality Designations* was filed through the Court's electronic filing system ("ECF"), through which the document is available for viewing and downloading, and a service copy of the filing will be send electronically to all parties registered with the ECF system.

/s/ *Kristine S. Tardiff*
Kristine S. Tardiff