UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CONSERVATION LAW FOUNDATION, INC., :
   Plaintiff,         :
                :
  v.           :   C.A. No. 17-396-JJM
                :
EQUILON ENTERPRISES LLC (d/b/a SHELL :
OIL PRODUCTS US), et al.,    :
    Defendants.      :

**ORDER REGARDING
RECONSIDERATION OF USE RESTRICTION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the motion (ECF No. 332) of Plaintiff, Conservation Law Foundation, Inc. ("CLF"), asking the Court to reconsider the portion of its Order of January 27, 2026 (ECF No. 309), as clarified by Text Order on March 11, 2026, (collectively, the "Order"), which imposes a use restriction on certain raw discovery materials that the Shell Defendants agree to de-designate (that is, to remove the confidentiality designation previously applied pursuant to the Court's Protective Order (ECF No. 67)).

The use restriction states:

> [E]ven if no longer designated as confidential, such documents may not be used by CLF for any purpose other than for use in this case and in the related case pending in the District of Connecticut.

ECF No. 309 at 4. It was imposed *sua sponte* by the Court in connection with its consideration of CLF's motion for wholesale removal of the confidentiality designation protecting a tranche of raw discovery materials, which the Shell Defendants had designated as non-public and commercially sensitive. Mindful of the Shell Defendants' articulated concern about CLF's use of raw discovery for public advocacy and not for litigation, the Court added the use restriction but

restricted it to documents that the Shell Defendants had properly designated as confidential but agreed to remove from that status to facilitate their use in connection with the litigation without cumbersome sealing.  Concerned that the Order's use restriction swept broadly to limit its use of public documents that are not confidential and/or were not properly designated as confidential under the Protective Order, CLF sought clarification.  ECF No. 311.  During the discovery dispute conference, CLF augmented its concerns about the use restriction with the argument that it adds an impractical burden in context of this case, as well as that it infringes CLF's First Amendment rights.  Because these concerns had not previously been presented as developed arguments, the Court clarified that the use restriction does <u>not</u> apply to non-confidential materials but also invited CLF to file a further motion for reconsideration to develop its arguments about practicality and the First Amendment.

That motion is now pending, framed as an objection to the Order, but referred back to me by the District Court.  In response to the motion, Shell argues that the Court acted appropriately to limit CLF's stated intent to use raw discovery (that may never become admissible or be considered in the litigation) for advocacy and fundraising, which is not the purpose of civil discovery.

The Shell Defendants are right that the Court has the power to restrict use of raw civil discovery even if it is not confidential – "[l]iberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes."  <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 34 (1984).  There is no First Amendment right to disseminate business information obtained through discovery that is not admitted in the judicial record.  <u>Id.</u> at 32-33.  Thus, the Court may act to prevent non-litigation use of raw discovery to protect the producing party from "try[ing] its case in the court of public opinion" without transgressing the First

Amendment.  United States ex rel. Wollman v. Massachusetts Gen. Hosp., Inc., CIVIL ACTION No. 15-11890-ADB, 2021 WL 11749764, at *1, 5 (D. Mass. Feb. 16, 2021) (risk of media focus on raw discovery is good cause to preclude dissemination of non-confidential materials to anyone other than government regulators).  Such restrictions may be imposed *sua sponte*. Mouchas v. Under Pressure Coffee Inc., No. 24 CV 2221-AMD-CLP & 25 MC 2367, 2025 WL 3013450, at *11 (E.D.N.Y. Oct. 28, 2025).

Notwithstanding the foregoing, the Court is persuaded by CLF's argument that the Court's *sua sponte* use restriction is impractical, burdensome, and unnecessary.  As CLF points out, the use restriction would require it to maintain a separate category of produced documents and to consider whether each document from which the confidentiality designation has been removed is a sensitive business record (meaning it is subject to the use restriction) or is a public document that was designated in error (meaning it is not subject to the use restriction).  Such a burden would bog down CLF's ability to prosecute this already complex case.

Based on these practical considerations, CLF's motion for reconsideration (ECF No. 332) is hereby granted and the sentence (ECF No. 309 at 4) quoted above is hereby deleted from the Order.  In light of this determination, the Court does not address CLF's First Amendment argument.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 8, 2026

3