UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CONSERVATION LAW FOUNDATION, INC.,   :
       Plaintiff,   :
          :
    v.   :   C.A. No. 17-396-JJM
          :
EQUILON ENTERPRISES LLC (d/b/a SHELL   :
OIL PRODUCTS US), et al.,   :
       Defendants.   :

**ORDER DENYING MOTION TO COMPEL**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the motion (ECF No. 326) of Plaintiff, Conservation Law Foundation, Inc. ("CLF"), to compel a further search for and, if found, production of seven specifically described documents called for by a Fed. R. Civ. P. 45 subpoena served on non-party Shell Global Solutions, U.S. Inc. ("SGS").

This motion is based on the Court's ruling on SGS's motion to quash or limit the subpoena:

> [T]he motions to quash are denied to the limited extent that, on or before December 19, 2025, Plaintiff CLF shall identity with specificity one or more responsive document(s) not already produced that is within the scope of relevant discovery as previously set by the Court.  CLF's identification of the document shall be by providing the third-party with sufficient information (for example, approximate date, likely author or approximate title) so that the document may be located without the need for burdensome electronic searches using search terms.

Text Order of Dec. 4, 2025.  Following the issuance of this Text Order, CLF identified eight documents with as much specific information as it was able to glean from references in other documents produced in discovery suggesting that each of the eight documents exist.  Using this specific information, SGS conducted what it contends are reasonable good-faith searches for each of the eight documents but was able to locate only one; SGS also contends that two of the

documents were previously produced.  CLF's motion to compel now challenges the adequacy of SGS's searches for six of the documents and argues that one of the documents that SGS claims was already produced references the document CLF seeks but is not the actual document.

As support for its argument, CLF's motion relied heavily on SGS's failure to provide a supporting explanation for what it did to look for these documents, compelling CLF to conclude that "SGS appears to be deliberately evading production."  ECF No. 326 at 14.  The problem is that SGS's opposition to the motion has now plugged that hole.  Supported by the Declaration of Senior Legal Counsel, Abigail Dodd,[1] ECF No. 333-1, SGS has provided a detailed description of its efforts to search for these documents calibrated to focus on the document repositories where such documents should be found, including an explanation of why at least some of the documents may not exist despite a suggestion in another document that they do.[2]  SGS relies on this Declaration to assert that no discrete document corresponding to the specific parameters exists in the accessible records.

CLF contends that SGS's search methodology remains inadequate because Ms. Dodd did not include a detailed description of the architecture of SGS's document repositories in her declaration; nor did she reveal whether she performed an investigation to include interviews of individuals who might be able to provide more information about how to find the requested documents; nor did she perform a document review looking for the missing (and perhaps nonexistent) documents or clues about them based on a custodian-based document collection culled by search terms.

---

[1] Ms. Dodd's background and experience as laid out in her Declaration includes access to and knowledge of document storage across Shell business units.  Dodd Decl. ¶¶ 4-6.  Further, she avers to having familiarity with other discovery in this case, as well as with the CLF subpoena to SGS.  Id. ¶¶ 2-3, 6-12.

[2] For example, Ms. Dodd avers that SGS does not always generate a discrete or formally designated final report for internal work performed by business groups even if one is mentioned in work product.  Dodd Decl. ¶ 13.

Mindful that SGS is a third party (albeit one that is within the Shell group and therefore is affiliated with the party Defendants), I find that the Dodd Declaration establishes that SGS has complied with the Court's Text Order of December 4, 2026, by performing targeted searches specifically tailored to locate the remaining documents specified by CLF (if they exist) using the information provided by CLF.  I further find that CLF's contention that more should be done, beyond what is laid out in the Dodd Declaration, would impose on SGS the requirement to perform a search that exceeds the scope of the Court's Text Order of December 4, 2025.  That is, the granting of the motion would impose a disproportionate and inappropriate burden on a third party.  Based on these findings, CLF's motion to compel SGS to perform additional searches (ECF No. 326) is denied.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 8, 2026